■ WILLIAM L. CROW CONSTRUCTION COMPANY, Appellant, v QUICKWAY METAL FABRICATORS, INC., et al., Respondents, et al., Defendants, et al., Third-Party Plaintiffs, et al., Third-Party Defendants. (Action No. 1.) STERLING PLATE GLASS & PAINT COMPANY et al., Plaintiffs, v STAHL EQUITIES CORP. et al., Defendants. (Action No. 2.)—Order, Supreme Court, New York County (Herman Cahn, J.), entered on August 31, 1988, which, *inter alia,* dismissed plaintiff's cross claims for contri-

bution and cross claim for express indemnification against defendant Testwell Laboratories, Inc., and order, Supreme Court, New York County (Herman Cahn, J.), entered on February 23, 1989, which, upon reargument, *inter alia,* dismissed plaintiff's cross claims for implied indemnification, both unanimously affirmed, with costs.

In this action by plaintiff, a construction manager, seeking to recover monetary damages allegedly due to improper construction of an atrium at 277 Park Avenue, New York, the record below reveals that plaintiff's cross claim for express indemnification was properly dismissed because the indemnification provision in question was limited solely to tort, and not contractual, liability to third parties *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 29; *Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777; *Dullard v Berkeley Assocs. Co.,* 606 F2d 890, 894). Further, plaintiff's cross claims for implied indemnification were properly dismissed in that the plaintiff, which admittedly actively supervised the work of the subcontractors, thereby directly participated to some degree in the wrongdoing and, accordingly, cannot receive the benefit of the implied indemnification doctrine *(County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, 47, *affd* 66 NY2d 642; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.,* 109 AD2d 449, 453). Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.