■ FIRST BIBLE BAPTIST CHURCH, INC., Plaintiff, v GATES-CHILI CENTRAL SCHOOL DISTRICT, Appellant, and PASSERO-SCARDETTA ASSOCIATES et al., Respondents. (Appeal No. 3.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court properly granted the School District's motion for summary judgment dismissing the complaint. Plaintiff seeks to recover damages from defendant Gates-Chili Central School District on separately stated causes of action for fraud, breach of contract, indemnity and restitution. The complaint, however, in reality alleges only one cause of action for a misrepresentation by School District employees that the building plaintiff contracted to buy from the School District did not contain asbestos. Whether viewed as a cause of action for fraud, for negligent misrepresentation or, as suggested by the School District, for injury to property caused by the latent effects of exposure to asbestos, the cause of action accrued in March of 1985 when plaintiff discovered the presence of asbestos in the building *(see,* CPLR 213 [8]; 214-c [3]). Any action against a school district must be commenced within one year of its accrual, and commencement of this action three years after accrual was untimely *(see,* Education Law § 3813 [2-b]).

Moreover, plaintiff failed to file a notice of claim prior to commencement of the action, as required by Education Law § 3813 (1). There is no merit to plaintiff's contention that its action seeks to vindicate a public interest, and the failure to satisfy the statutory condition precedent mandates dismissal of the action *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). The court did not abuse its discretion in denying plaintiff's motion for permission to file a late notice of claim. The application for leave to file a late notice of claim was made more than three years after accrual of the action and was, therefore, untimely *(see,* Education Law § 3813 [2-a]; *Philson Painting Co. v Board of Educ.,* 133 AD2d 619).

Supreme Court also properly denied the School District's motion for summary judgment dismissing the cross claims for

contribution asserted by the remaining defendants. A defendant may seek contribution from a third party based upon the breach of some duty owed by that party either to the plaintiff or to the defendant *(Garrett v Holiday Inns,* 58 NY2d 253, 259-261). The basis for the instant contribution claim is the misrepresentation made by School District employees to a member of the engineering/architectural firm employed by plaintiff.

However, the court should have dismissed the cross claims for indemnification. There is no allegation that the School District made a contractual promise of indemnity, and a defendant cannot recover on the theory of implied indemnification where, as here, it is alleged that the proposed indemnitee actually participated to some degree in the wrongdoing *(see, County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, 46-48, *affd* 66 NY2d 642; *Crow Constr. Co. v Quickway Metal Fabricators,* 155 AD2d 295, 296; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.,* 109 AD2d 449, 453-454). (Appeal from Order of Supreme Court, Monroe County, Patlow, J.—Dismiss Affirmative Defenses.) Present—Callahan, J. P., Doerr, Green, Balio and Lowery, JJ.