■ GORDON J. PHILLIPS, INC., Respondent, v CONCRETE MATERIALS, INC., Respondent and Third-Party Plaintiff-Respondent. CITY OF ROCHESTER et al., Third-Party Defendants-Appellants; SEAR-BROWN ASSOCIATES, P. C., Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motions of third-party defendants City of Rochester (City) and Empire Soils Investigations, Inc. (Empire Soils) for summary judgment dismissing the claims of third-party plaintiff Concrete Materials, Inc. (CMI) against them for contribution and/or indemnification. We conclude as a matter of law that CMI does not have a valid claim for contribution or indemnity against either the City or Empire Soils.

The main action seeks to recover damages for economic loss resulting from a breach of a contract to reconstruct portions of a City street. CPLR 1401 provides that two or more persons who are subject to liability for damages for the same "injury to property" may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought. Purely economic loss resulting from a breach of contract does not constitute "injury to property" within the meaning of the contribution statute *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 26-29). We reject CMI's attempts to transform what is clearly a breach of contract claim into a tort claim *(see, Bellevue S. Assocs. v HRH Constr. Corp.,* 78 NY2d 282, 293-295; *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389-390; *see also, Sommer v Federal Signal Corp.,* 79 NY2d 540, 552).

A cause of action for indemnification must be based upon a contract, either express or implied *(see, McFall v Compagnie Maritime Belge [Lloyd Royal],* 304 NY 314, 328; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 125 AD2d

754, 756, *affd* 71 NY2d 599). There is no express contract between CMI and either the City or Empire Soils and there is no valid common-law theory of implied warranty on the facts of this case. CMI, which supplied the defective asphalt, actually participated in the wrongdoing and cannot recover on the theory of implied indemnification *(see, County of Westchester v Becket Assocs.,* 102 AD2d 34, 46-48, *affd* 66 NY2d 642; *First Bible Baptist Church v Gates-Chili Cent. School Dist.,* 172 AD2d 1057, 1058; *Crow Constr. Co. v Quickway Metal Fabricators,* 155 AD2d 295, 296; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.,* 109 AD2d 449, 453-454).

Supreme Court, however, properly denied the City's motion to dismiss plaintiff's breach of contract claim. Paragraphs 9.3.1 and 11.3.5 of the agreement cannot be read together in a manner which, as a matter of law, precludes plaintiff's breach of contract claim. Although paragraph 11.3.5 provides that the City's independent testing will not relieve the contractor of its obligation to perform the work in accordance with the contract documents, the provisions of paragraph 9.3.1 raise a triable issue concerning what those obligations were and, also, whether defendant City breached its obligations under the agreement *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). Unlike the factual circumstance in *Hartford Acc. & Indem. Co. v Wesolowski (supra,* at 172), however, the parties in the instant matter do not agree that there was no extrinsic evidence bearing upon the intent of the parties. Plaintiff's President testified at an examination before trial that, based upon past practices on City projects, the City would stop production of materials which did not satisfy the contract specifications. Because extrinsic evidence of past practices and custom was raised, factual issues exist which preclude summary judgment.

All concur, except Boomer and Doerr, JJ., who dissent in part in the following Memorandum.

Boomer and Doerr, JJ. (dissenting in part). We respectfully dissent in part. Supreme Court should have granted the motion of the City of Rochester (City) to dismiss plaintiff's cause of action against the City for breach of contract. In passing on the validity of plaintiff's cause of action against the City, we are required to interpret two provisions of the contract between those parties.

Section 9.3.1 of the contract provides: "The Project Representative will also call to the attention of the Contractor any action which the Project Representative believes does not follow the Contract Documents. The Project Representative

shall have the authority to prevent the use of any material and to stop any work being done which the Project Representative believes does not conform to the Contract Documents until the question at issue can be referred to and be decided by the Project Manager."

Section 11.3.5 provides that "Neither observations by the project manager nor inspection tests or approvals by others shall relieve the contractor from his obligation to perform the Work in accordance with the Contract Documents."

Provisions similar to section 11.3.5 appear in most municipal construction contracts as well as in the Standard AIA Form for Construction Contracts *(see, Pardue Constr. Co. v City of Toccoa,* 147 Ga App 132, 248 SE2d 199; AIA Document A201, General Conditions for Contracts for Construction, 3.3.3). Those provisions have been interpreted to preclude the contractor from seeking damages from the municipality or property owner because of the failure of the municipality or owner to call defects to the attention of the contractor *(see,* 13 McQuillan, Municipal Corporations § 37.133, at 360; Sabo, Legal Guide to AIA Documents, at 197-198 [3d ed]).

The contractor founded his cause of action against the City on his testimony at the examination before trial that he never received the test results that showed the failure of the asphalt to meet the specifications and that he relied upon the City's inspection forces to stop the laying of the asphalt if it did not meet the specifications. Plaintiff's reliance upon the City to stop the work was not justified in view of section 11.3.5 of the contract, which clearly provides that neither observation by the project manager nor inspection tests shall relieve the contractor of his obligation to perform the work in accordance with the specifications. Although section 9.3.1 provides that the project representative will call to the attention of the contractor any action he believes is not in accordance with the contract documents, that provision appears in the section giving the City authority to stop the work. That section is designed for the protection of the City and is not a promise on the part of the City for the benefit of the Contractor. The effect of the decision of the majority is to nullify the effect of section 11.3.5, a result to be avoided *(see,* 22 NY Jur 2d, Contracts, § 221).

Further, the majority incorrectly indicates that the interpretation of the provisions of the contract is a triable issue of fact. Even where the provisions of a written contract are ambiguous, their interpretation is an issue to be decided by

the court as a matter of law where no extrinsic evidence bearing on interpretation is offered *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). Here, there was no such extrinsic evidence offered. The past practice of the City in stopping the work when it failed to meet contract specifications has no bearing upon the interpretation of section 9.3.1 except to confirm the right of the City to stop the work. Even if it did constitute extrinsic evidence bearing upon the interpretation of section 9.3.1, there is no issue of fact to be decided by a jury because that evidence does not present a question of credibility, nor does it raise a choice among reasonable inferences to be drawn from that evidence *(see, Hartford Acc. & Indem. Co. v Wesolowski, supra,* at 172). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Balio, Fallon and Doerr, JJ.