■ JOHN W. COWPER COMPANY, INCORPORATED, Respondent-Appellant, v POTOMAC IRON WORKS, INC., Appellant-Respondent. FIREMAN'S FUND INSURANCE COMPANY et al., Intervenors-Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motions of Potomac Iron Works, Inc. (Potomac), Fireman's Fund Insurance Company (Fireman's Fund) and Aetna Insurance Company (Aetna) seeking summary judgment dismissing the complaint that alleges a cause of action for common-law or implied indemnification. The predicate for common-law or implied indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, and therefore, " 'it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine' " (Dormitory Auth. v Caudill Rowlett Scott, 160 AD2d 179, 181, lv denied 76 NY2d 706, quoting Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs., 109 AD2d 449, 453; see also, Rock v Reed-Prentice Div., 39 NY2d 34). The movants demonstrated their initial entitlement to judgment in their favor as a matter of law by the submission of evidentiary proof in admissible form establishing that plaintiff, the general contractor on the construction project, actually participated to some degree in the

wrongdoing attributable to Potomac when it directed and supervised repair and paint work on certain steel marble support fins that Potomac fabricated and delivered to plaintiff. Moreover, the movants established that plaintiff failed to exercise due care in the performance of its obligations to direct and supervise the installation of those fins *(see, Gordon J. Phillips, Inc. v Concrete Materials,* 187 AD2d 1024; *First Bible Baptist Church v Gates-Chili Cent. School Dist.,* 172 AD2d 1057, 1058; *Crow Constr. Co. v Quickway Metal Fabricators,* 155 AD2d 295, 296). Plaintiff failed to produce evidentiary proof in admissible form to demonstrate the existence of a triable issue of fact with respect to its participation in the acts giving rise to the loss *(see, Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., supra).* Therefore, we modify the order appealed from by granting the motions of Aetna, Fireman's Fund and Potomac for summary judgment dismissing the complaint. (Appeals from Order of Supreme Court, Erie County, Forma, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Davis and Doerr, JJ.