■ GERALD W. HACKSTADT, JR., an Infant, by GERALD W. HACKSTADT, SR., His Parent and Natural Guardian, Respondent, v DEBRA A. HACKSTADT, Defendant, and ANDREW FUSCO, Appellant. (Action No. 1.) GERALD W. HACKSTADT, SR., Respondent, v ANDREW FUSCO, Appellant. (Action No. 2.) [599 NYS2d 143] —Harvey, J. Appeal from an order of the Supreme Court

(Keegan, J.), entered October 21, 1992 in Albany County, which denied defendant Andrew Fusco's motion for summary judgment dismissing the complaints and all cross claims against him.

In the early afternoon of May 20, 1990, defendant Andrew Fusco brought his 1984 Chevrolet to the home of his friend, plaintiff Gerald W. Hackstadt, Sr. (hereinafter plaintiff) so that plaintiff and plaintiff's son, plaintiff Gerald W. Hackstadt, Jr., could perform some repairs to the vehicle. Neither plaintiff nor his son were professional mechanics but apparently they often worked on vehicles in their spare time at home. On that day, plaintiff decided to repair the vehicle in the driveway of his home rather than in the garage. Fusco's vehicle was backed into the driveway by plaintiff and the rear wheels were driven onto car ramps owned by plaintiff. The front of the vehicle was then raised using a hydraulic jack owned by Fusco. Stationary jack stands owned by plaintiff were then placed on either side of the vehicle; one by plaintiff, the other by Fusco. The hydraulic jack was then removed and Fusco left plaintiff's residence. Thereafter, plaintiff and his son worked on Fusco's vehicle while it was up on the jack stands during the ensuing 7½-hour period without incident. At approximately 8:30 P.M., plaintiff's wife, defendant Debra A. Hackstadt, pulled into the driveway in her 1984 Cadillac. After she was told to move her car out of the driveway, plaintiff's wife, apparently mistakenly thinking that she had put the car into reverse gear, stepped on the accelerator and drove her car forward into Fusco's vehicle. Fusco's car fell onto plaintiff and his son causing them to sustain injuries. Following the commencement of these actions, Fusco moved for summary judgment dismissing the complaint and the cross claims against him. Supreme Court denied his motion and this appeal by Fusco followed.

We reverse. To prevail on a summary judgment motion, it is incumbent upon the moving party to tender evidentiary proof in admissible form sufficient to justify the direction of summary judgment in his or her favor (CPLR 3212 [b]). Once this initial burden is met, the opposing party must then submit proof in admissible form sufficient to create a question of fact requiring a trial (supra; see, Zuckerman v City of New York, 49 NY2d 557, 562; Heffernan v Colonie Country Club, 160 AD2d 1062). In support of his motion, Fusco submitted the pleadings, his attorney's affidavit and the transcripts of the examinations before trial of the parties. It is undisputed that Fusco did not give plaintiff any instructions either as to how the vehicle was

to be lifted or repaired. Significantly, plaintiff and his son admit that they noticed nothing wrong with the placement of the car on the ramps and jack stands. The car was stable and they worked without incident for several hours until plaintiff's wife came home. This evidence raised a clear inference that the vehicle was properly elevated and placed. Given this and other evidence, we conclude that Fusco met his initial burden on a summary judgment motion by presenting evidence indicating that the collision of the Cadillac into Fusco's car by plaintiff's wife was the sole proximate cause of the accident.

In opposition to Fusco's motion, plaintiffs submitted only two attorney's affidavits which were not based on first-hand knowledge and were without evidentiary value (see, *Rosenblatt v Washington County Coop. Ins. Co.*, 191 AD2d 883). These affidavits do, however, make reference to the parties' deposition testimony submitted by Fusco. In that testimony the sole piece of evidence remotely supporting plaintiffs' claim that Fusco negligently placed the equipment used to raise the vehicle and which contributed to the accident is a conclusory statement by plaintiff that the jack stands must have been negligently placed because it was his understanding that if they were placed properly the vehicle should never have fallen off them. No expert proof was proffered by plaintiffs to buttress that opinion by a conceded amateur mechanic. Accordingly, because vague and conclusory information is insufficient to defeat a summary judgment motion, we find that Supreme Court erred in denying Fusco's summary judgment motion (*Zuckerman v City of New York, supra*).

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Andrew Fusco, and the complaints and all cross claims against him are dismissed.