■ DEBORAH A. HAGERMAN et al., Plaintiffs, v STATE STREET REALTY et al., Defendants and Third-Party Plaintiffs-Respondents. KATE SWEENEY, Doing Business as KATE'S KLEAN COMPANY, Third-Party Defendant and Fourth-Party Plaintiff-Appellant; EDGER CONTRACTING, INC., Fourth-Party Defendant-Respondent. [613 NYS2d 500] —Weiss, J. Appeal from that part of an order of the Supreme Court (Monserrate, J.), entered July 9, 1993 in Broome County, which granted fourth-party defendant's motion for summary judgment dismissing the fourth-party complaint.

This action was commenced by plaintiff Deborah A. Hagerman (hereinafter plaintiff) and her husband to recover damages for personal injuries sustained when she slipped and fell on snow and ice on January 16, 1991 in the parking lot of the Le Valley McCleod Building in the City of Elmira, Chemung County, her place of employment. Defendants, State Street Realty and Penn Real Estate (the owner and manager of the building, respectively) served a third-party complaint seeking common-law indemnification against Kate Sweeney, doing business as Kate's Klean Company (hereinafter Sweeney), an independent contractor in charge of maintenance of the building. Sweeney, in turn, served a *fourth-party complaint on* Edger Contracting, Inc. (hereinafter Edger), which had subcontracted to plow snow on the parking lot. Supreme Court denied Sweeney's summary judgment cross motion to dismiss the third-party complaint but granted Edger's motion for

similar relief dismissing Sweeney's fourth-party complaint. Sweeney has appealed.*

In addition to the rectangular parking area behind the office building, there is an abutting or adjoining area for 18 additional parking spaces which the president of Penn Real Estate testified was part of the original acquisition. Conceding for purposes of argument that Sweeney had never been told explicitly that the adjoining parking area was part of the property owned by State Street Realty, she nevertheless admitted that she observed and knew that this portion was improved with blacktop and striped for parking at the same time as the larger portion behind the office building, and was subsequently resealed and restriped with the remainder of the lot. Moreover, whether she knew tenants regularly used that portion for parking was a factual issue. In its denial of Sweeney's cross motion to dismiss the third-party complaint, Supreme Court correctly found the existence of a triable issue of fact as to whether Sweeney knew or should have known the additional parking area in which plaintiff fell was part of the owner's land, and whether she was negligent in failing to provide for snow plowing thereon.

It is well settled that a party, in opposition to a motion for summary judgment, must assemble and lay bare affirmative proof in evidentiary form to establish that the matters alleged are real and capable of being established upon a trial (*Marine Midland Bank v Cafferty,* 174 AD2d 932, 934; *see, Zuckerman v City of New York,* 49 NY2d 557, 563-564). We find adequate support in this record to sustain Supreme Court's decision that triable factual issues preclude granting Sweeney's motion (*see, Hackstadt v Hackstadt,* 194 AD2d 908, 909; *Meizinger v Akin,* 192 AD2d 1011, 1012, *lv denied* 82 NY2d 661).

We similarly find that Supreme Court properly granted dismissal of the fourth-party complaint against Edger. The record is bereft of any evidence or inference that Sweeney, or anyone else, ever directed, ordered or indicated that the subject adjoining plot should have been plowed. Moreover, the fact that during the five-year period in which Edger had provided plowing services, he never plowed the area nor did Sweeney ever complain or direct that it be plowed, constitutes prima facie evidence to support its contention that no factual

---

* The notice of appeal states that Sweeney appeals solely from that part of the order which grants Edger's motion for summary judgment dismissing the fourth-party complaint. Nonetheless, her brief argues that it was error to deny her cross motion to dismiss the third-party complaint.

issue of its negligence was raised. Absent evidence of its failure to perform as required or to comply with contractual terms for the plowing, Edger cannot be held liable to indemnify Sweeney or contribute to payment of any judgment against her *(see, Cowper Co. v Potomac Iron Works,* 188 AD2d 1065, *lv denied* 81 NY2d 707).

Cardona, P. J., Mikoll, White and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.