■ LAUREN R. M. ROACH, Appellant, v COMPUTER ASSOCIATES INTERNATIONAL, INC., Respondent. [638 NYS2d 699] — In an action to recover damages for retaliatory discharge pursuant to Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kohn, J.), entered September 26, 1994, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff became employed by the defendant corporation as a programmer analyst in 1987. In December 1992, she enrolled her two young children in a day care center owned and operated by the defendant and located at the plaintiff's workplace. During the first week of April 1994, the plaintiff presented one of the teachers at the day care center with a copy of the Department of Social Services Day Care Center Rules and Regulations, part 418 (18 NYCRR part 418) and expressed concern that the day care center had been violating or was about to violate certain portions of those regulations.

Shortly thereafter, the plaintiff was terminated from the defendant's employ. She brought this action in June 1994, alleging that she had been terminated in violation of Labor Law § 740, otherwise known as New York's "whistleblower law".

The defendant moved to dismiss the complaint for failure to state a cause of action. The Supreme Court granted the defendant's motion and dismissed the complaint. We affirm.

Labor Law § 740 provides, in relevant part, as follows:

"2. Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:

"(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety".

The plaintiff alleged no actual disclosure of and no threat to disclose any violations occurring in the day care center to a supervisor or public body. Labor Law § 740 represents a narrow exception to the general rule of employment at will; without authorization from the Legislature, its scope cannot be expanded to provide a remedy to employees who merely allege perceived or implied threats (see, Remba v Federation Empl. & Guidance Serv., 76 NY2d 801, 803; Sabetay v Sterling Drug, 69 NY2d 329, 336). Balletta, J. P., Ritter, Altman and Hart, JJ., concur.