■ JOHN HOLLENBAUGH, Individually and as Administrator of the Estate of KATHY HOLLENBAUGH, Deceased, Respondent, v FRONTIER ASPHALT, INC., Defendant, and CONESUS COAL AND FUEL, LTD., et al., Appellants. (Action No. 1.) DAVID P. GARDNER, as Administrator of the Estate of KIMBERLY HOLLENBAUGH, Deceased, Respondent, v FRONTIER ASPHALT, INC., Defendant, CONESUS COAL AND FUEL, LTD., et al., Appellants, and JOHN HOLLENBAUGH, as Administrator of the Estate of KATHY HOLLENBAUGH, Deceased, Respondent. (Action No. 2.) [648 NYS2d 410] —Order unanimously affirmed with costs. Memorandum: In these consolidated actions arising out of a fatal motor vehicle accident, defendants Chemical Waste Management and its employee Gordon Whitt appeal from an order that denied their motions for summary judgment dismissing the complaint against them in each action. Those defendants argue that Whitt could not have avoided the accident, that he responded appropriately in the face of an emergency, and that he was thus free from negligence as a matter of law.

As limited by the discontinuance of the complaints against it, defendant Conesus Coal and Fuel, Ltd. (Conesus), appeals from that part of the same order that denied its motion for summary judgment dismissing the cross claims against it. Conesus further appeals from that part of the order that denied its motion for summary judgment seeking common-law indemnification from defendant Frontier Asphalt, Inc. (Frontier). Conesus argues that, as a matter of law, it exercised reasonable care in the performance of its contractual obligations and did not create or fail to correct a dangerous condition. Further, Conesus argues that it is entitled to common-law indemnification because Frontier was actively at fault.

The motions of Chemical Waste Management and Whitt were properly denied. It is for the jury to determine whether the accident occurred as recounted by Whitt, and whether those defendants should be exonerated under the emergency doctrine. In particular, there are triable questions of fact concerning whether Whitt was driving at an imprudent speed, failed to maintain a proper lookout for other vehicles, or failed to take quick and appropriate action to avoid the collision.

The motion of Conesus for summary judgment dismissing

the cross claims against it was properly denied. Conesus concedes, for the purpose of the summary judgment motion, that the rut in the shoulder caused the loss of control by Kathy Hollenbaugh over her vehicle. There is a triable question of fact whether Conesus breached a duty to motorists in creating a dangerous road condition.

Similarly, there are triable questions of fact precluding summary judgment for Conesus on its cross claim against Frontier for common-law indemnification. Conesus failed to sustain its burden of demonstrating as a matter of law that Frontier was actively at fault while Conesus was not (*see, Eastman v Volpi Mfg. USA, Co.*, 229 AD2d 913; *cf., Cowper Co. v Potomac Iron Works*, 188 AD2d 1065, *lv denied* 81 NY2d 707). Consequently, the court properly denied that branch of Conesus' motion. (Appeals from Order of Supreme Court, Niagara County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Green, Callahan, Doerr and Davis, JJ.