■ Kim A. Higgs, Appellant, v County of Essex, Respondent. [648 NYS2d 787] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Ryan, Jr., J.), entered May 1, 1995 in Essex County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff was formerly the County Manager of defendant. On June 27, 1994, plaintiff appeared at a public hearing of defendant's Board of Supervisors (hereinafter the Board) and indicated his concerns about code violations in certain County-owned buildings. Following this hearing, plaintiff contacted the Essex County District Attorney and reported his opinion that certain County officials were guilty of malfeasance, misfeasance or nonfeasance in office in connection with these violations. On or about July 28, 1994, plaintiff commenced this action, alleging that the Board had discussed terminating plaintiff at two meetings held in July and that one Board member in particular had requested him to resign and had

indicated that plaintiff would not be reappointed to another term in office. Plaintiff claimed that the Board's conduct constituted an "adverse personnel action" in violation of Labor Law article 20-C and Civil Service Law § 75-b, and he sought a permanent injunction barring the Board from terminating him from his position as County Manager. In August 1994 plaintiff resigned, claiming that he had been constructively discharged.

Defendant moved for summary judgment dismissing the complaint pursuant to CPLR 3212. Supreme Court granted the motion, finding that "at best what occurred prior to plaintiff's resignation were discussions regarding his not being rehired. * * * By virtue of his resignation prior to any type [of] adverse personnel action by defendant, the [c]ourt finds [plaintiff] effectively erased the protections provided in Civil Service Law Section 75-b and Labor Law Section 740." A judgment reflecting this decision was thereafter entered. Plaintiff appeals.

Plaintiff argues that the Board's meeting to consider his termination constituted an adverse personnel action and that Supreme Court erred in finding that an adverse personnel action had not occurred. Both Civil Service Law § 75-b and Labor Law § 740 provide a statutory remedy for public employees fired or otherwise subjected to a retaliatory personnel action for disclosing information to a public body regarding a violation of law that creates a danger to the public. Civil Service Law § 75-b (1) (d) defines " 'Personnel action' " as "an action affecting compensation, appointment, promotion, transfer, assignment, reassignment, reinstatement or evaluation of performance", while Labor Law § 740 (1) (e) defines " 'Retaliatory personnel action' " as "the discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment".

In support of its motion for summary judgment, defendant produced affidavits from Board members regarding the substance of the meetings that were held to consider plaintiff's continued employment as County Manager. Included among defendant's submissions was the affidavit of George Canon, the elected supervisor of the Town of Newcomb. Canon stated that at a July 5, 1994 executive session, he had expressed dissatisfaction with plaintiff's performance and that he was prepared to introduce two resolutions in open session, one calling for plaintiff's resignation and the other providing that plaintiff would not be reappointed after his present term expired. Canon also stated that he told plaintiff after the meeting that he thought it would be a good idea for plaintiff to take another po-

sition. However, no official action was taken with regard to plaintiff's position at this meeting and, in fact, plaintiff indicated that he was already looking for another position.

The affidavits also indicate that on July 13, 1994, the Board met again at plaintiff's request. At this meeting, plaintiff reportedly threatened to sue defendant for "retaliation" unless he was given $25,000 in severance pay plus $1,000 in travel expenses. At a July 25, 1995 Board meeting, Board member Robert Purdy, the elected supervisor of the Town of Keene, made a resolution to terminate plaintiff's employment, which resolution was seconded "for the purposes of discussion". Although the issue of plaintiff's termination was discussed at length, the Board decided to prepare formal written charges and the resolution to terminate plaintiff's employment was withdrawn with no vote taken.

Based upon our review of the record, we agree with Supreme Court that defendant met its initial burden of establishing its defense as a matter of law by the tender of evidentiary proof in admissible form (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). In response, plaintiff was required to come forward and lay bare his proof of evidentiary facts demonstrating the existence of a bona fide factual issue requiring a trial (*see, Hagerman v State St. Realty*, 205 AD2d 964, 965). In his affidavit in response to defendant's motion, plaintiff contended that the July 5, 1994 meeting and the substance of Canon's remarks sent him a clear message that he would not be reappointed at the conclusion of his term and that he should seek other employment. He claims that this constitutes an actionable threat within the meaning of the Labor Law and Civil Service Law. However, the instant case is readily distinguishable from the case where an employee is threatened with violence or physical harm for disclosing protected information (*see generally*, Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 30, Labor Law § 740, at 558). This Court declines to find that Canon's statements, even if they created the impression that plaintiff would not be reappointed, constituted an actionable threat under either statute. Without authorization from the Legislature, we cannot expand the scope of either statute to provide a remedy to employees who merely allege perceived or implied threats (*see, Roach v Computer Assocs. Intl.*, 224 AD2d 676, 677).

Plaintiff also argues that his alleged constructive discharge from his position as County Manager constitutes an adverse personnel action even in the absence of a formal resolution from the Board. This claim is unpreserved for our review, as

plaintiff failed to amend his complaint to include this claim following his resignation (see, Matter of Salahuddin v Coughlin, 222 AD2d 950, 951, lv denied 88 NY2d 806, cert denied — US —, 117 S Ct 317, 136 L Ed 2d 232). We have examined plaintiff's remaining contentions and find them to be either unpreserved for our review or without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.