■ HENRY CASIVANT, Respondent, v GREENE COUNTY COMMUNITY ACTION AGENCY, INC., et al., Appellants, et al., Defendants. [652 NYS2d 115] —Carpinello, J. Appeal from an order of the Supreme Court (Cobb, J.), entered October 25, 1995 in Columbia County, which denied a motion by defendants Greene County Community Action Agency, Inc. and Karen Gregory for summary judgment dismissing the complaint.

Plaintiff and defendant Linda Brink have three children together. In early November 1992, Brink, claiming that plaintiff had abused her, was granted a temporary order of protection giving joint custody of the children to Brink and the Columbia County Department of Social Services (hereinafter DSS). Plaintiff and Brink appeared in Family Court on November 12, 1992, reconciled during that appearance, and returned home together. As a result of this reconciliation, the order of protection was vacated. DSS obtained a stay retaining custody until November 27, 1992, when the stay was lifted and the children's return was ordered.

On November 27, 1992, the same day the stay was lifted, Brink appeared at a domestic violence shelter operated by defendant Greene County Community Action Agency, Inc. (hereinafter the Agency). Up until that time, she had been residing

with plaintiff. She claimed that plaintiff had kicked her and that plaintiff's new girlfriend had beaten her with a broomstick. On December 1, 1992, Brink asked for the assistance of the shelter coordinator, defendant Karen Gregory, in filing a criminal complaint against plaintiff. Brink and Gregory were informed by the State Police that they were going to arrest plaintiff. Upon learning that plaintiff was to be arrested, Brink decided to remove her children, the youngest of whom was a little more than a year old at the time, from plaintiff's house. Gregory called her supervisor and an attorney from DSS, who was familiar with the case, for guidance. The attorney advised her that if plaintiff was to be arrested and the children left alone, they would need to be removed. Accompanied by a State Trooper, Brink and Gregory went to plaintiff's house to remove the children. Plaintiff's girlfriend handed the children over without protest.

Plaintiff was arrested on December 1, 1992. One day later, a preliminary hearing was held in Family Court and the children were placed in the custody of DSS, an arrangement which apparently continues to this date. A fact-finding hearing was held on December 7, 1993. On December 29, 1993, the Judicial Hearing Officer assigned to the case signed findings of fact and conclusions of law to the effect that both plaintiff and Brink had neglected their children. The Judicial Hearing Officer specifically found that plaintiff had repeatedly physically abused Brink in the children's presence (including one incident when he beat her so badly that she miscarried).

Plaintiff commenced this action seeking damages based upon the theory of tortious interference with custodial rights. Plaintiff alleged that he enjoyed sole legal custody of the three children and that defendants knew this when the children were removed on December 1, 1992. Despite the fact that the duration of this alleged interference was a single day, plaintiff sought $1 million in damages. Gregory and the Agency (hereinafter collectively referred to as defendants) moved for summary judgment. Supreme Court denied the motion, finding that there was a question of fact regarding Gregory's knowledge of the custodial status of the children.

The tort of intentional interference with a parent's custodial rights is rather narrow. As the Court of Appeals noted in *Johnson v Jamaica Hosp.* (62 NY2d 523), cases upholding the existence of this tort have involved "violent abduction, willful disobedience of a court custody order, and wrongful detention" (*supra*, at 531). Despite the fact that counsel for plaintiff in his brief repeatedly refers to these children as having been

"abducted", it is clear that these children were not in fact abducted within the meaning of Penal Law § 135.00 (2). The central issue in this case, then, is the willfulness of defendants' conduct.

In our opinion, defendants established their defense sufficiently to warrant Supreme Court to direct judgment in their favor as a matter of law (see, *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Gregory made a sworn statement that she had no knowledge that plaintiff possessed sole legal custody of the children. As previously noted, she had consulted both with her supervisor and a DSS attorney before taking any action to remove the children. Indeed, the DSS attorney had specifically indicated that if plaintiff was to be arrested and the children consequently left alone, they *needed* to be removed. Defendants also attached a portion of Brink's deposition testimony to the effect that she was not aware at that time that plaintiff enjoyed sole legal custody of the children and that she did not so advise Gregory.

In response, plaintiff was obligated to lay bare his proof showing the existence of a factual issue requiring a trial (see, *Hagerman v State St. Realty*, 205 AD2d 964, 965). This he attempted to do by introducing notes from the Agency to the effect that the children were "returned" to plaintiff's "custody" a few days before the incident in question. However, even imputing knowledge of these notes to Gregory as an employee of the Agency, knowledge of this information does not necessarily give rise to a question of fact on the essential issue of willfulness. As it is undisputed that Brink and plaintiff lived together until she entered the shelter on November 27, 1992, Gregory's assumption that the parents shared custody of the children was certainly not unreasonable.

More importantly, plaintiff has not produced the Family Court order that purportedly gave him sole custody of the children, and this Court is therefore forced to rely upon his representations as to its content. Accordingly, we conclude that plaintiff has failed to sustain his burden of demonstrating the existence of a triable issue of fact regarding defendants' willfulness. Indeed, the term "willful" implies a degree of culpability that is simply not to be culled from the record in this case. Further, we would again note that the duration of the purported interference was a single day. As plaintiff spent much of that day in the custody of the police after having been arrested for beating Brink, his interaction with the children during that day would have been inconsequential at best.

Mikoll, J. P. and Peters, J., concur.

Yesawich Jr., J. (dissenting). We respectfully dissent. The key issue here is whether the evidence, viewed in the light most favorable to plaintiff, could support a finding that defendants Karen Gregory and Greene County Community Action Agency, Inc. (hereinafter collectively referred to as defendants) willfully (i.e., knowingly) interfered with a legal custody order. Inasmuch as defendants have not sought to disprove plaintiff's assertion that he was the children's sole legal custodian on the day in question, plaintiff's failure to produce the order establishing that fact is of no moment (*see, Ayotte v Gervasio*, 81 NY2d 1062, 1063). And while the short duration of the allegedly improper detention may prove to be relevant when and if the issue of damages is reached, it has no bearing on whether plaintiff has stated a cause of action for custodial interference.

Turning to the question of willfulness, defendants rely primarily upon Gregory's averment that she did not know that plaintiff had sole custody of the children, but merely "presumed", because plaintiff and defendant Linda Brink had been living together, that they shared custody. This is far from dispositive, however, for among the documents proffered by plaintiff is an agency progress note, dated November 12, 1992, stating that after a court appearance on that day, "[plaintiff] * * * received custody of the children". This reference to a change in custody resulting from a legal proceeding, recorded in the agency's own files, renders suspect Gregory's self-serving assertion that she was unaware that plaintiff had sole custody of the children, and raises a question as to the reasonableness of her "presumption" to the contrary.

Where, as here, "knowledge is a key fact at issue, and particularly within the possession of the movant", that party's credibility should not be determined by affidavit (*Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 262), particularly if the opposing party has come forth with evidence that casts doubt upon the veracity of the statements at issue. In concluding that it "was certainly not unreasonable" for Gregory to assume—even in the face of this note—that Brink continued to share custody, the majority has, in my view, improperly disregarded this fundamental principle, and engaged in "issue determination" rather than the "issue finding" that is the Court's proper function when it is considering granting the drastic remedy of summary judgment (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 521-522). Accordingly, we would affirm the denial of defendants' motion.

Crew III, J., concurs. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants Greene County Community Action Agency, Inc. and Karen Gregory, and complaint dismissed against said defendants.