■ JACQUELINE CRISTINI, Respondent, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Appellants. [774 NYS2d 368]—

In an action to recover damages for retaliatory discharge pursuant to Labor Law § 740, the defendants appeal from an order of the Supreme Court, Richmond County (Gigante, J.), dated December 18, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff became employed as a physician's assistant with the Staten Island University Hospital (hereinafter the Hospital) in 1996. She voluntarily transferred from the Hospital's Department of Rehabilitation to the Department of Research and Clinical Technology (hereinafter the Department of Research), which was headed by the defendant Dr. Aurel C. Cernaianu. On December 9, 1998, Dr. Cernaianu discharged the plaintiff. Shortly before the termination, the plaintiff had asked to meet with the executive vice-president of the Hospital to report various unethical practices she had observed during her short tenure in the Department of Research, in particular, violation of the informed consent laws. The plaintiff did not meet with the executive vice-president until December 15, 1998.

Labor Law § 740 provides, in relevant part, that "[a]n employer shall not take any retaliatory personnel action against an employee because such employee . . . (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (*see Roach v Computer Assoc. Intl.*, 224 AD2d 676 [1996]; *Kraus v New Rochelle Hosp. Med. Ctr.*, 216 AD2d 360 [1995]). Although the plaintiff's discharge preceded her meeting with the executive vice-president, summary judgment was properly denied because an issue of fact was raised as to whether Dr. Cernaianu knew about the December 15, 1998, meeting and felt threatened by the plaintiff's actions. On these facts, summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.