Andrew R. Tyler, J.
The respondent in this proceeding moves for an order directing the petitioner and the receiver to surrender to the New York Telephone Company an asset of the corporation Byron Smith, M.D. and Pierre Guibor, M.D., P.C., namely the telephone number 212-752-6690 upon the grounds that the surrender of this number is necessary to the orderly and equitable liquidation and distribution of the assets of this corporation.
The Byron Smith, M.D. and Pierre Guibor, M.D., P.C. ("the corporation”) was dissolved by an order of this court dated January 13, 1975. A receiver was duly appointed and went into possession of the offices and property of the corporation and embarked upon the duties of a receiver after a decision of the Appellate Division on April 15, 1975 which affirmed this court’s decision with the modification that the receiver’s plan of distribution be approved upon notice to the parties.
*850 An amended plan of distribution, submitted by the receiver is presently before this court which will make a final determination in due course. However, as the parties have gone through the throes of corporate dissolution, the entire procedure has been marked by the type of recriminations and accusations that have been characteristic of the behavior of these parties prior to the decision of court which brought about the dissolution in the first place.
It is the contention of the respondent that the telephone number 212-752-6690 is the property of the dissolved corporation and that since no order has been made to assign the number to Dr. Smith, that he is using the number "without justification or legal basis.” Respondent also asserts that there have been several instances where his patients have called the number in question and employees of Dr. Smith have stated that Dr. Guibor’s whereabouts were unknown. This has been denied by the petitioner.
The petitioner has argued that the rights of the parties in this instance should be measured and enforced in accordance with the terms and provisions of agreements previously entered into provided that the rights of creditors are not affected. Dr. Smith contends that the parties entered into an agreement on April 1, 1971 whereby the corporation telephone number was to be assigned to him upon the dissolution of the corporation.
The most tangible manifestation of the intentions of parties to a contract is the written instrument itself, and consequently the words in a contract are not to be ignored in determining those intentions. (River View Assocs. v Sheraton Corp. of Amer., 33 AD2d 187.) Accordingly, the primary objective in interpreting any written contract is to determine the intention of the parties. (Hartford Acc. & Ind. Co. v Wesolowski, 33 NY2d 169.) And, where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used. (Nichols v Nichols, 306 NY 490, NY Jur, Contracts, § 193.) For it is axiomatic that contracts must be enforced as they are written wherever and whenever possible. (Utilities & Inds. Corp. v Palisades Interstate Park Comm., 45 Misc 2d 1014.)
Returning to the instant fact situation, it is undisputed as between the parties that the parties entered into an agreement on April 1, 1971, whereby the corporation telephone number was to be assigned to the petitioner upon the dissolu *851 tion of the corporation. Therefore, it would seem that this court’s deliberations should come to an end as the rights of the parties to the telephone number in question are clearly established by the afore-mentioned agreement.
However, it is the function of this court to justly administer the law. And, while the law of contracts would mandate a certain result in this instance, this court will not countenance a result that will be inequitable. In the case at bar, it is alleged by the respondent that the petitioner has pursued a course of conduct which has proven to be detrimental to him. While this is denied by the petitioner, it is undeniable that the present situation with respect to the telephone number is one that is ripe for abuse, especially in light of the seeming personal animosity between the parties that was the genesis for the dissolution of the corporation in the first place. Further, petitioner has not demonstrated to this court any overwhelming need by him for this particular telephone number, particularly when alternative situations might prove to be more conducive to a civil relationship between the parties.
Accordingly this court grants the respondent’s application to the extent of directing the petitioner and the receiver in these proceedings to surrender to the New York Telephone Company the telephone number 212-752-6690 with the further direction that the receiver arrange for the New York Telephone Company to answer all calls to 212-752-6690 and to communicate to all callers the respective telephone numbers of the parties. Petitioner and the respondent are directed to communicate to the receiver the telephone number to which they want the New York Telephone Company to refer callers.