Meyer, J.
(dissenting). What the majority overlooks is that any insufficiency in the bank’s papers in opposition to plaintiff’s motion for summary judgment is irrelevant, for until plaintiff presented evidentiary facts establishing prima facie his cause of action, the bank was under no obligation to demonstrate that there was a triable issue of fact (cf. Indig v Finkelstein, 23 NY2d 728; Seymour v St. Luke’s Hosp., 28 App Div 119, 123, app dsmd 159 NY 524; 4 *557 Weinstein-Korn-Miller, NY Civ Prac, par 3212.12). Because plaintiff’s papers are devoid of any such proof, the order of the Appellate Division should be reversed and the order of Special Term denying summary judgment to plaintiff on the first cause of action should be reinstated.
Plaintiff is the executor of his father’s estate. The first cause of action alleges that decedent, a real estate broker, and defendant bank entered into an agreement dated January 5,1977, concerning the sale of a property known as 22 East 42nd Street, New York, New York, to the McDonald Corporation or its nominee, the operative portion of which read: “My commission for the sale of the property or for the assignment of your mortgage to McDonald Corporation shall be $10,000.00 to be due at the time of title closing if the deal entails the sale of the property or at the time of assignment of your mortgage if the deal entails the sale of same”, that the property was thereafter sold to McDonald’s nominee, that decedent duly performed and that there was consequently due plaintiff the sum of $10,000.
The executor’s affidavit in support of the motion for summary judgment on that cause of action is not stated to be on personal knowledge. It attaches as exhibits the letter agreement quoted above, states that McDonald’s nominee purchased the property at a foreclosure sale on October 26, 1977, attaches a copy of the referee’s report of sale (which shows that upon foreclosure of the bank’s mortgage the i property was sold by the referee to McDonald’s nominee ■ and that the referee on November 29,1977 executed a deed “of the said mortgaged premises so sold by me as Referee hereunder” [emphasis supplied]), and expressly eschews any statement “as to the reasons why the sale was accomplished by way of foreclosure as opposed to an outright purchase and sale”.
It is, of course, plaintiff’s burden to prove performance of the contract alleged. Plaintiff offers no explanation of what decedent did by way of performance other than as the January .5, 1977 letter prepared by decedent refers to a meeting that day with a McDonald’s representative in the bank’s offices, nor why the letter, which carefully referred to a sale by the bank of the mortgage, did not also speak to the possibility of the bank “selling” through the device of *558 allowing the property to be sold in foreclosure. If plaintiff can prove that the latter was a bad faith device to avoid payment of a commission, he will be entitled to recover on his third cause of action, but that is not before us. The agreement before us, however, cannot be construed as an agreement by the bank to pay a commission for the sale of the property in foreclosure, for that is not a sale by the bank and the bank did not agree to pay a commission for a sale no matter by whom (other than the bank) the sale was made.
The Appellate Division awarded plaintiff summary judgment on the theory that the bank had failed to come forward with evidentiary proof establishing a triable issue of fact. But bearing in mind that it is plaintiff’s obligation first to establish a prima facie case, that the agreement was prepared by decedent on his letterhead, that almost 10 months elapsed after its date before the sale was made, that there is no evidence concerning what decedent did in the interim or why the sale was in the foreclosure proceeding and by a court-appointed official rather than the bank, plaintiff’s moving papers failed to establish performance sufficiently to require response by the bank.
The interpretation of a writing such as is here involved is, absent extrinsic evidence, normally for the court (Hartford Acc. & Ind. Co. v Wesolowski, 33 NY2d 169, 172). On the present papers, therefore, defendant bank could properly be awarded summary judgment. The bank made no cross motion for summary judgment, however, and plaintiff may be able after discovery, which so far as the record reveals has not yet taken place, to supply evidentiary materials establishing either that a sale in foreclosure was within the intent of the parties or that the sale as negotiated between McDonald’s nominee and the bank, though in form a sale by the referee, was in fact a sale by the bank. It was, however, error on the papers before the court to grant plaintiff summary judgment on the first cause of action, for plaintiff’s papers are simply insufficient to call into play the interpretative function of the court. If authority for that proposition of law is required it exists in Barrett v Jacobs (255 NY 520, 521) where, as the record reveals, the issue was whether a “transfer of leasehold” had occurred so *559 as to entitle plaintiff broker to a commission when the leasehold owner subleased to the proposed transferee in order to give him additional time to obtain financing and we held in a Per Curiam that “it is not clear that the respondents have earned their commissions under their contract of employment” and reversed an order of the Appellate Division granting summary judgment to the plaintiff broker. That case is on all fours with the present case and should be followed. Plaintiff should be put to his proof.
Chief Judge Cooke and Judges Gabrielli and Jones concur with Judge Fuchsberg; Judge Meyer dissents and votes to reverse in a separate opinion in which Judges Jasen and Wachtler concur.
Order affirmed.