■ FRED M. WARING, Respondent-Appellant, v DYNAMICS CORPORATION OF AMERICA, Appellant-Respondent. — Order, Supreme Court, New York County (Allen Murray Myers, J.), entered March 25, 1983, which, *inter alia,* denied defendant's motion for summary judgment, unanimously modified, on the law, to the extent that defendant's motion for summary judgment is granted dismissing the second cause of action and otherwise affirmed, without costs. ¶ Since the late 1930's plaintiff Fred M. Waring (plaintiff) has owned a patent for a kitchen blender, which bears United States patent number 2,109,501 and which is described in the Patent Office application as a "Disintegrating Mixer for Producing Fluent Substances". This blender is primarily intended to mix drinks and to liquify fruits and vegetables. It operates by "disintegrating, mixing and aerating various solid and fluent substances to produce a homogenous and creamy mixture". By written agreement, on November 22, 1974, plaintiff, *inter alia,* licensed defendant Dynamics Corporation of America (defendant) to market this blender, in exchange for paying plaintiff a 1% royalty on net sales. ¶ Subsequent to the 1974 blender arrangement, defendant commenced marketing a food processor, which bears United States patent number 3,892,365, and that device is described in the Patent Office application as an "Apparatus For Preparing Food". The main objective of this invention is to chop, cut or slice fruits and vegetables. ¶ Plaintiff in 1977 commenced an action against defendant to, *inter alia,* recover unpaid royalties. In the second cause of action of his complaint, plaintiff alleges that he is entitled to royalty payments on sales of the defendant's food processor because the definition of blender in his 1974 agreement with defendant is broad enough to include food processors. This agreement, in pertinent part, states that "the term 'blenders' shall mean disintegrating devices * * * and any improvements or modification thereon". After answering, the defendant moved for summary judgment. Special Term denied that motion. ¶ We disagree. Our review of the record

indicates that there is no triable issue of fact as to the second cause of action. Even though there are some similarities between the blender and the food processor, we find that the two appliances are so distinctly different in design, function and operation that clearly, the parties' definition of the word blender that is found in the agreement was never intended to encompass the instant food processor. "[T]he courts have declared on countless occasions that it is the responsibility of the court to interpret written instruments * * * where there is no ambiguity" (*Hartford Acc. & Ind. Co. v Wesolowski*, 33 NY2d 169, 172). Therefore, we grant defendant's motion on this cause of action. Concur — Sandler, J. P., Ross, Asch, Bloom and Fein, JJ.