■ RELIANCE INSURANCE COMPANY et al., Respondents-Appellants, v COUNTY OF MONROE, Appellant-Respondent. [604 NYS2d 439] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this action for damages arising out of a sewer construction contract, Supreme Court properly denied the motion of defendant County of Monroe (County) for partial summary judgment. The court erred, however, in denying plaintiffs' cross motion for partial summary judgment to dismiss the County's first affirmative defense asserting that the general contractor, John B. Pike & Son, Inc. (Pike) waived all claims for additional compensation arising out of a modification of the contract.

Pike and the County entered into a contract whereby Pike would serve as the general contractor on a project for the repair and construction of a sewer system along the Genesee River. The plans called for the sewer pipe to be installed using an "open cut trench" method above the riverbed. The original agreement anticipated that contaminated soil might be encountered during the project. Thus, the agreement contained an extensive section pertaining to "CONTAMINANT CONTAINMENT" and also a "DIFFERING SITE CONDITIONS" provision.

Subsequently, Pike proposed a design modification to install the pipe in a tunnel to be bored 30 feet beneath the riverbed at no additional cost to the County. On October 25, 1984, the parties executed "FIELD CHANGE ORDER NO. 1," which modified the contract to allow for the proposed alternative construction. Thereafter, while boring the tunnel, Pike encountered creosote or a coal tar-like substance leaking into the tunnel. That substance was toxic and hazardous, causing work stoppage and additional expenses to the project. The County approved certain expenditures resulting from the toxic substance but denied all other claims by Pike. Plaintiffs, as Pike's sureties/assignees, commenced this action to recoup the additional costs incurred by Pike because of the encounter with the contaminants.

In resisting payment of additional funds, the County asserted several affirmative defenses. Relying on its first affirmative defense, the County moved for partial summary judgment dismissing plaintiffs' causes of action related to the tunnel, arguing that, under the plain language of "FIELD CHANGE ORDER NO. 1," Pike had specifically assumed the risks attendant upon the alternative tunnel proposal, and had waived all rights to claim additional compensation for work activities associated with the modification. Plaintiffs contended that the hazardous and toxic substance was "completely outside and beyond the intent and contemplation of the parties" and, thus, that there was no waiver of the differing site conditions clause. Plaintiffs cross-moved for partial summary judgment dismissing the County's first affirmative defense, and granting them judgment. The court denied both motions.

Both parties agree that the terms of the agreement are to be decided as a matter of law, acknowledging that it is the responsibility of the courts to interpret the terms of written agreements (see, Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169). From a review of "FIELD CHANGE ORDER NO. 1," including Pike's proposal (particularly the clauses relating to Pike's assumption of responsibility and waiver claims), together with a review of the "DIFFERING SITE CONDITIONS" clause in the original agreement, we conclude that Pike did not assume the responsibility for, nor waive the right to make claims because of, unforeseen conditions such as an encounter with hazardous and toxic substances. Further, the documents constituting the modification make no reference to the "DIFFERING SITE CONDITIONS" clause, while the proposal states that Pike would "continue to be bound by the terms and requirements of the original contract documents". Those documents

fail to indicate that the parties' contemplation extended into the realm of the "DIFFERING SITE CONDITIONS" clause. Thus, the exculpatory clauses in the modification cannot be read to preclude claims arising from an unforeseen problem such as an underground encounter with toxic substances.

Plaintiffs are granted partial summary judgment on liability with respect to their Type II differing site conditions claims. The contract contained both Type I and Type II differing site condition clauses. Plaintiffs have established the three elements necessary to recover on a Type II claim *(see, Lathan Co. v United States,* 20 Cl Ct 122, 128). Plaintiffs established that Pike did not know about the toxic substance found in the subsurface, that the contractor could not have anticipated the condition from inspection or general experience, and that the condition varied from the norm in similar tunnel boring operations. Plaintiffs concede, however, that the issues relating to damages and the amount thereof have yet to be resolved at this stage of the litigation.

We disagree with plaintiffs' contention that they have established the six elements necessary to recover on a Type I claim as set forth in *Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.* (180 AD2d 222, 226). We conclude that there is a triable issue of fact whether the damages claimed under paragraph 17 (a) (1) were solely attributable to the materially different subsurface conditions. (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Appropriation.) Present—Callahan, J. P., Green, Lawton, Boomer and Boehm, JJ.