■ Quik Snax at Herald Square, Inc., Respondent, v Herald Center Department Store, L. P., Appellant, et al., Defendants. [633 NYS2d 37] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered February 22, 1995, which granted plaintiff's motion for partial summary judgment on, and denied defendant's cross-motion to dismiss, the fifth cause of action, unanimously affirmed, with costs.

In 1984, plaintiff executed a lease with defendant-appellant's predecessor-in-interest for space to open a fast-food restaurant in a building at Herald Square that was intended to operate as a vertical mall, housing more than 70 boutiques and eateries. Although plaintiff's lease initially called for an annual fixed minimum rent, the landlord agreed to accept a rent determined by a percentage of its gross sales in lieu of the fixed minimum rent. This deferment period was extended "until 80% of the Units are leased and open for business in Herald Center." After years of financial troubles and other setbacks, aside from plaintiff's restaurant, the building is now mainly occupied by

two large stores, rather than by numerous stores in the form of a mall. Plaintiff commenced this action seeking, *inter alia*, a declaratory judgment that its obligation to begin paying the fixed minimum rent is not triggered by the rental and opening for business of 80% of the building's floor space, but only by the rental of 80% of the individual units as envisioned in the leasing plan that was in effect at the time of the lease amendment. Plaintiff's interpretation of the lease is correct.

Where the contract language is clear and unambiguous, interpretation is a matter of law to be determined solely by the court (*Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 171-172). Viewing the lease amendment as of the time of its execution (*see, X.L.O. Concrete Corp. v Brady & Co.*, 104 AD2d 181, 184), we agree with the IAS Court that the language is unambiguous. There is no merit to defendant's contentions that the IAS Court improperly resorted to extrinsic evidence to contradict the express terms of the parties' agreement and that the court attributed an irrational construction to the plain language thereof. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Tom, JJ.