■ CAREER EMPLOYMENT SERVICES, INC., Appellant-Respondent, v RODOLITZ ORGANIZATION et al., Respondents-Appellants. [640 NYS2d 269] —In an action to recover damages, *inter alia*, for breach of contract and fraud, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered September 8, 1994, as denied that branch of its motion which was for partial summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint, and (2) the defendants cross-appeal from so much of the same order as granted that branch of the plaintiff's motion which was to dismiss the counterclaims.

Ordered that the order is modified, on the law, by deleting therefrom the provision which denied the branch of the plaintiff's motion which was for summary judgment on the issue of liability on the 29th cause of action and the provision granting that branch of the defendants' cross motion which was for summary judgment dismissing the 29th cause of action and substituting therefor provisions granting that branch of the plaintiff's motion and denying that branch of the defendants' cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The plaintiff tenant, Career Employment Services, Inc. (hereinafter Career), commenced this action against the defendant landlords seeking to recover damages for alleged overcharges billed by the defendants and paid by Career for rent, real estate taxes, and certain other charges under the lease which the parties had entered into. The parties do not dispute the underlying facts, but only certain provisions of the lease which Career contends the defendants misrepresented or misinterpreted, thereby resulting in Career having been overcharged. The defendants contend that Career was properly billed pursuant to the lease.

Career alleges, among other things, that the defendants breached the lease by overcharging rent based upon an escalation clause set forth in paragraph 3 (i) of that document. The lease provides as follows with regard to the calculation of the annual rent:

"The annual rental rate is as follows:

"(i) During the first through fifth years of the term of this lease the Effective Annual Rent, excluding normal service electric shall be $525,000. The Basic Annual rent, for said first year of the term, including normal service electric, shall be $575,000, payable in equal monthly installments of $47,916.66. Such Basic Annual rent does not include increases of additional rent, as provided herein, including but not limited to taxes, insurance and operating costs. *During the second through the fifth years of the term of this lease, the Basic Annual Rent shall be equal to one hundred four (104%) percent of the preceding year's Effective Annual Rent plus normal service electric charges, so as to reflect increases in operating costs*" (emphasis added).

Career contends that under this paragraph the rent should have only been increased by four percent in the second year and then should have remained the same for the remaining years of the lease. We disagree. The clear import and intent of the paragraph, read as a whole, specifically states that the increases in rent are taken "so as to reflect increases in operation costs" (*see generally, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169; *Bethlehem Steel Co. v Turner Constr. Co.*, 2 NY2d 456). The clear and express intent of the parties is that the rent for each new year of the lease would be increased to 104% of the preceding year's rent.

Career also contends that during the concession period of the lease (the six-month period subsequent to the initial five-year lease) the defendants improperly increased the charge for "Full Energy Overtime Service" in excess of $8.40 per hour per zone and as a result of this increase Career was damaged in the amount of $3,491.08. We agree. While the lease permitted charges for such service, it did not permit increases in the charges during this period unless Career exercised its option pursuant to Article 11 of the lease to renew the lease. Accordingly, since Career did not exercise its option to renew the lease, the right of the defendants to raise the charge was not triggered. We find as a matter of law that the defendants overcharged Career and thus the Supreme Court should have granted Career summary judgment on the issue of liability as to its 29th cause of action sounding in breach of contract (*see, Hartford Acc. & Indem. Co. v Wesolowski, supra,* at 171-172). We remit this cause of action to the Supreme Court, Nassau County, for a determination of the amount of money by which the defendants overcharged Career.

We find Career's remaining contentions to be without merit. We also find the defendants' contentions as to the dismissal of

their counterclaims to be without merit. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.