■ Nova Information Systems, Inc., Respondent, v Daniel Charboneau et al., Appellants, et al., Defendant. [689 NYS2d 179] —In an action to recover damages for breach of contract, the individual defendants appeal from (1) an order of the

Supreme Court, Westchester County (Fredman, J.), entered January 6, 1998, which, upon renewal, granted the plaintiff's motion for summary judgment against them, and (2) a judgment of the same court, entered March 2, 1998, which is in favor of the plaintiff and against them in the principal sum of $86,410. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (see, CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the provision of the order which, upon renewal, granted the plaintiff's motion for summary judgment against the appellants is vacated, and the plaintiff's motion for summary judgment against the appellants is denied; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff should not have been awarded summary judgment against the individual defendants in light of the triable issues of fact presented on this record (see, CPLR 3212 [b]). There is ambiguity in the parties' agreement with respect to the capacity in which the individual defendants executed the form contract. This ambiguity gives rise to a question of fact (cf., Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172) and requires the denial of the plaintiff's motion for summary judgment against the individual defendants here (see, American Express Bank v Uniroyal, Inc., 164 AD2d 275, 277). Bracken, J. P., Sullivan, Friedmann and Florio, JJ., concur.