SECOND DEPARTMENT, JUNE, 1999

(June 1, 1999)

■ ACROSS AMERICA LEASING, INC., et al., Respondents, v JEFFREY FRIEDMAN et al., Appellants. [691 NYS2d 89] —In an action to recover damages for the loss of a leased vehicle, the defendants appeal from an order of the Supreme Court, Nassau County (DeMaro, J.), dated April 17, 1998, which (1) denied their motion for summary judgment dismissing the fourth and fifth causes of action asserted in the complaint, and (2), in effect, denied their application to recover legal fees.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the defendants' motion for summary judgment dismissing the fourth and fifth causes of action asserted in the complaint, and substituting therefor a provision granting the motion and dismissing the complaint; as so modified, the order is affirmed, with costs to the appellants.

The plaintiff, a leasing company, brought this action to recover damages for the loss of a leased vehicle, which was allegedly wrecked in a "hit-and-run" accident. The complaint originally contained five causes of action. By order dated January 21, 1997, the plaintiff was awarded nominal damages in the sum of one dollar on the first cause of action and the second cause of action was dismissed. Thereafter, the plaintiff withdrew the third cause of action, which was to recover damages based on an account stated. The fourth cause of action, seeking to recover damages based on negligence, and the fifth cause of action, alleging fraud, should also be dismissed.

A written modification to the lease agreement expressly

limited the defendants' liability for collision damages to an amount equal to the insurance deductible. Inasmuch as the plaintiff cannot recover any additional damages, the defendants are entitled to summary judgment. It is well settled that summary judgment may be granted where a contract is clear and unambiguous on its face or where the ambiguity can be resolved without resort to extrinsic evidence (*see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). The lease does not, however, give the defendants the right to recover the legal fees they incurred in defending this action. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.