(February 15, 2001)

■ GATEWAY DETROIT ASSOCIATES, L. L. C., Appellant, v WITKOFF GROUP, L. L. C., et al., Respondents. [721 NYS2d 33] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about April 24, 2000, which, *inter alia*, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated. Order, same court and Justice, entered on or about August 24, 2000, which, to the extent appealable, denied plaintiff's motion for renewal, unanimously dismissed as academic, without costs.

In this action, plaintiff argues that section 12.02 of the parties' contract entitles it to specific performance of the sale of the subject real property. In so arguing, it notes that this section permitted such relief if all conditions precedent to closing were accomplished. Defendant, on the other hand, contends that section 3.01 barred such relief because it provided for a termination of the contract if the closing did not take place on or before December 31, 1998, which did not occur. Thus, defendant asserts, even if all conditions precedent to closing were accomplished, the contract automatically terminated on December 31, 1998. Supreme Court, concluding that the contract was clear and unambiguous on its face, dismissed the complaint, relying upon section 3.01. This was error.

Examination of the contract shows that the intended significance of sections 12.02 and 3.01 is not readily ascertainable from the face of the contract. Thus, while section 12.02 seems to provide for a right of specific performance if all conditions precedent to closing are accomplished, section 3.01 seems to provide for a termination of the parties' obligations if the closing does not take place by the stated date. In view of this conflict and the differing explanations as to how these sections were to be applied, it cannot be said that the documentary evidence submitted entitled either of the parties to judgment as a

matter of law (*see,* CPLR 3211 [a] [1]; *cf., Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *General Phoenix Corp. v Cabot,* 300 NY 87). Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Friedman, JJ.