■ WILLIAM S. DONATON, Appellant, v SANDRA DONATON et al., Respondents. [733 NYS2d 82] —In an action for partition of shares of stock in the defendant Pool Cover Corp., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated April 4, 2000, which denied his motion for summary judgment, in effect, to terminate the joint tenancy with right of survivorship in those shares.

Ordered that the order is affirmed, with costs.

During their marriage, the plaintiff William S. Donaton and the defendant Sandra Donaton became owners of 25 shares of stock in the defendant Pool Cover Corp. as joint tenants with a right of survivorship. The parties were divorced in 1994, and the plaintiff commenced this action to partition the parties'

shares of stock. The plaintiff moved for summary judgment, in effect, to terminate the joint tenancy with right of survivorship in those shares. In opposition to the plaintiff's motion, Sandra Donaton maintained that Pool Cover Corp.'s shareholders' agreement and the parties' Agreement and Stipulation, which was incorporated but not merged into the judgment of divorce, precluded partition.

The Supreme Court properly denied the plaintiff's motion for summary judgment. Although the plaintiff established his prima facie entitlement to judgment as a matter of law, there are triable issues of fact. While the shareholders' agreement does not preclude partition, the parties' Agreement and Stipulation is ambiguous with respect to whether the parties waived the right to terminate the joint tenancy with right of survivorship. This ambiguity gives rise to a question of fact and, thus, precludes summary judgment (*see, Nova Information Sys. v Charboneau,* 260 AD2d 617; *American Express Bank v Uniroyal, Inc.,* 164 AD2d 275). O'Brien, J. P., Goldstein, Schmidt and Smith, JJ., concur.