■ RAFAEL OLIVO, Respondent, v CHRISTINE NAZARIO et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [62 NYS3d 789]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 26, 2017, which denied the motion of defendant New York City Housing Authority (NYCHA) to strike plaintiff's supplemental bill of particulars and preclude his expert, unanimously modified, on the law and the facts, to permit limited discovery on newly specified claims of future surgery, and otherwise affirmed, without costs.

Plaintiff's supplemental bill of particulars did not claim new injuries, but sequelae of the original injuries pleaded (*see Spiegel v Gingrich*, 74 AD3d 425, 427 [1st Dept 2010]; *Maisonet v New York City Hous. Auth.*, 276 AD2d 260 [1st Dept 2000]; *Villalona v Bronx-Lebanon Hosp. Ctr.*, 261 AD2d 185, 185 [1st Dept 1999]). However, given that a need for future surgeries had only previously been pleaded in the most vague and boilerplate terms, and his medical records showed no indication that future surgery would be necessary, discovery limited to those newly specified injuries is warranted (*see Hartnett v City of New York*, 139 AD3d 506 [1st Dept 2016]; *Villalona*). Concur—Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.

■ YIZHENG ZHAO, Appellant, v ENGI WASSEF EVANS et al., Respondents. [63 NYS3d 50]—

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered June 2, 2017, which denied plaintiff's motion for summary judgment on the breach of contract cause of action, unanimously affirmed, without costs.

Plaintiff alleges that on or about August 31, 2014, the parties entered into a two-year lease for Penthouse Apartment B located at 1280 Fifth Avenue and that defendants vacated the unit after residing there for only approximately 13 months, leaving a balance of 11 months' rent remaining due and owing under the lease. By letter dated December 16, 2015, plaintiff advised defendants that they were in default under the lease for nonpayment of rent as of September 2015, and indicated that the lease ran from September 1, 2014 through August 31, 2016. Defendants contend that the lease term was intended to be one year with the possibility of extending upon mutual assent, and that they tendered rent to plaintiff from September 2014 through September 2015, in addition to paying a deposit of two months' rent upon entering the premises, so that when they vacated in November 2015 they did not owe plaintiff any additional rent.

Plaintiff moved for summary judgment on his breach of contract claim. He submitted the default letter and three pages of an executed lease (although the lease actually had four pages), which was almost entirely illegible. The only legible part of the lease is the very top where the address is handwritten, and the end date for the term of the lease, "Aug 31, 2016," is handwritten in dark bold ink, apparently over another date, which cannot be deciphered, and is initialed only by plaintiff. Plaintiff also submitted a more legible blank boilerplate lease with spaces for the lease term upon which he alleges the subject lease was based.

After receiving defendants' opposition, plaintiff submitted in reply three additional versions of the lease. The first was from the property manager and reflected a lease term of "2 YEARS" beginning on "SEPT. 1, 2014" and ending on "August 31, 2016." However, the end date is not written in dark ink as in the lease initially submitted by plaintiff, nor does it appear to have been written over another date. Moreover, the end date is not initialed by plaintiff, and all four pages of the lease are included.

The next version of the lease was submitted by the broker, and appears to be nearly identical to the one submitted by the property manager, although the copy in the record is only partially legible. The third version of the lease, also submitted by the broker, reflects an end date of "Sept. 30, 2016," which

appears to be written over another date, and again does not contain plaintiff's initials next to the end date.

The motion court correctly determined that plaintiff failed to establish prima facie his entitlement to summary judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Although the various versions of the lease seem to reflect a lease term of "2 YEARS," the actual date range for that term is not consistent, and there is an issue of fact as to whether the term of the lease was altered after defendants signed the lease, without their consent, since the alleged end date on the original lease submitted was initialed by plaintiff, but not by defendants.

Additionally, we note that in his reply papers, plaintiff submitted affidavits by the broker and the property manager, both of whom stated that the lease indicates that the term was for two years, ending on August 31, 2016. The broker also annexed a copy of the lease application in support of her position. However, if the terms of the lease are not clear from the four corners of the document, and extrinsic evidence is needed to interpret those terms, then this further raises an issue of fact (*see Perella Weinberg Partners LLC v Kramer*, 153 AD3d 443, 446 [1st Dept 2017] [stating that when interpreting the terms of an ambiguous contract, if the " 'determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury' "], quoting *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 171-172 [1973]). Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.