| |
|---|
| **Better Mobile Sec., Inc. v Amerisourcebergen Servs. Corp.** |
| 2025 NY Slip Op 31403(U) |
| April 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652694/2023 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MELISSA A. CRANE                    PART                    60M

_Justice_

-----------------------------------------------------------------------X

BETTER MOBILE SECURITY, INC.

                                    Plaintiff,

                    - v -

AMERISOURCEBERGEN SERVICES CORPORATION,

                                    Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652694/2023 |
| MOTION DATE | 12/31/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Defendant moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint and for summary judgment on its second amended counterclaim for breach of contract or, in the alternative, to strike the complaint as a discovery sanction pursuant to CPLR 3126. Plaintiff opposes the motion. For the following reasons, the court grants that branch of the motion that is for summary judgment dismissing the complaint and otherwise denies the motion.

## BACKGROUND

Plaintiff Better Mobile Security, Inc. (plaintiff), a mobile security provider, commenced this action for, inter alia, breach of contract against defendant AmerisourceBergen Services Corporation (defendant), a large international pharmaceutical distribution company, in connection with an "End User License Agreement – Deployment in Customer Azure tenant" (the EULA) and an amendment to that agreement (the Amendment). Defendant counterclaims for, inter alia, breach of contract in connection with the same agreements.

652694/2023  BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES CORPORATION
Motion No. 004

Page 1 of 11

[* 1]

Under the EULA, defendant purchased a license to use certain mobile security software (the software) from defendant, along with maintenance and support services for the software (together, maintenance or maintenance services) (NYSCEF Doc. No. 113). The EULA provides that defendant "shall subscribe to Maintenance for twelve (12) month periods (each a 'Maintenance Period') starting on the Effective Date" (EULA, § 5.2). The "Effective Date" is defined in the EULA as "[t]he date on which [defendant] accepts or is deemed to accept this EULA as provided herein" (EULA, §1.9).

Defendant executed the EULA on August 30, 2019 and contemporaneously executed a purchase order (the Maintenance Order), referred to in the EULA as "the Order," setting forth, inter alia, the license fee and the fee for three consecutive 12-month periods of maintenance. Specifically, the Maintenance Order sets forth the fee for maintenance services as $59,717 per 12-month period, that is denominated in the Maintenance Order as a "discounted price." Plaintiff paid this fee for all three consecutive years of maintenance services.

In relation to the maintenance fee, the EULA states:

"[Defendant] hereby subscribes to Maintenance at the price set forth in the Order, and the initial Maintenance Period begins on the effective date of the relevant Order. . . . At least thirty (30) days prior to the expiration of a Maintenance Period, [plaintiff] shall provide written notice to [defendant] of the Maintenance fees for the upcoming Maintenance Period. For any renewal term, [plaintiff] shall have the right, no more than once per year, to change the maintenance fees which will apply during such renewal term provided that any such increase in support fees shall not exceed the lesser of (1) three percent (3%) or (2) the annual increase in the Consumer Price Index ('CPI') for the year immediately preceding the effective date of any such fee increase, as measured by the U.S. Department of Labor, which fees, once set, shall remain constant for the remainder of the renewal term. Following receipt of such notice, with respect to all Software Licenses, [defendant] may elect to (i) renew Maintenance at [plaintiff's] then-current rates (subject to the cap referenced above), or (ii), elect not to renew Maintenance by providing [plaintiff] written notice"

(EULA, § 5.2).

652694/2023   BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES
CORPORATION
Motion No. 004

Page 2 of 11

2 of 11

[* 2]

On or about February 10, 2020, the parties executed the Amendment, pursuant to which plaintiff additionally agreed to provide defendant with hosting services (NYSCEF Doc. No. 114). The Amendment modified section 12.1 of the EULA (that initially stated: "This EULA will commence on the Effective Date and will continue for so long as a valid Order is in place; unless the ELA is earlier terminated as provided herein") as follows:

> "This EULA shall commence on the Effective Date and, with respect to the Hosted Services and the Maintenance, will continue for so long as a valid Order is in place, unless this EULA is earlier terminated as provided herein; . . . Unless either party provides the other party with at least sixty (60) days' prior written notice of nonrenewal prior to the end of the then current term, the term with respect to the Hosted Services and any Maintenance Services procured under an Order shall automatically renew for additional one (1) year renewal terms (each, a 'Renewal Term'). Upon any renewal, [plaintiff] may increase the annual license renewal fees by no more than (i) the increase in the consumer price index ('CPI') during the previous twelve (12) month period, or (ii) two and one-half percent (2½ %), whichever is less, which fees, once set, shall remain constant for the remainder of the renewal term; provided that [plaintiff] shall provide written notice to [defendant] of such proposed fee increase no less than ninety (90) days prior to the end of the then-current term. The Initial Term and all Renewal Terms shall collectively be referred to herein as the 'Term'"

(Amendment, § 5).

Plaintiff provided the hosting services to defendant free of charge until November 25, 2020, when defendant executed a purchase order (the Hosting Order) setting forth the fees for hosting services for three consecutive years, denominated as a "discounted price," as follows: $123,165 (for October 1, 2020 to September 30, 2021); $108,675 (for October 1, 2021 to September 30, 2022); and $94,185 (for October 1, 2022 to September 30, 2023) (NYSCEF Doc. No. 119). Plaintiff paid the hosting fee for all three terms.

This dispute arose when on February 4, 2022, in the midst of the third 12-month period of maintenance services, when plaintiff transmitted a renewal purchase order to defendant (the Maintenance Renewal Order) (NYSCEF Doc. No. 118). The Maintenance Renewal Order set forth the annual fee for maintenance services as $ 287,100 for the 12-month period of February

652694/2023 BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES
CORPORATION
Motion No. 004

Page 3 of 11

8, 2022 to February 8, 2023, and $185,567 for the 265-day period of February 8, 2023 to September 30, 2023, which the renewal order denominated as a "discounted price." According to the plaintiff, defendant also "committed" to paying for hosting services for a fourth term, beginning October 1, 2023 and ending September 30, 2024, for a fee of $144,900 (Complaint at ¶ 4). Plaintiff does not allege that it transmitted a concomitant renewal order for the hosting services.

Plaintiff commenced this action on June 2, 2023, alleging that defendant never remitted payment for the fees set forth in the Maintenance Renewal Order or for defendant's alleged commitment to purchase hosting services through September 30, 2024. According to the complaint, the Maintenance Renewal Order did not increase the initial pricing for maintenance services inasmuch as the initial price was "discounted." Rather than increasing the price, the renewal merely removed the discount. The complaint further alleges that defendant accepted the renewal "without protest" and "in fact used the services and otherwise consented to continue the relationship" (Complaint at ¶ 4). The complaint asserts that defendant is, therefore, liable to plaintiff for breach of contract (Complaint at ¶ 54). In addition to seeking damages for breach of contract, the complaint asks the court to issue a declaration that the EULA and the Amendment are valid, and that the Maintenance Renewal Order is consistent with their terms.

Defendant counterclaims for, inter alia, breach of contract alleging that plaintiff impermissibly sought renewal of the maintenance term 6-months prior to the term's expiration at an almost 500% price increase and threatened to discontinue defendant's access to the software if it did not agree to those terms within 4 days. Defendant alleges that its attempts to negotiate with plaintiff were unsuccessful, thereby forcing it to seek replacement services and cancel the EULA.

652694/2023 BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES
CORPORATION
Motion No. 004

Page 4 of 11

[* 4]

4 of 11

Defendant now moves for summary judgment dismissing the complaint and for summary judgment on its second amended counterclaim for breach of contract. In the alternative, defendant asks the court to strike the complaint as a sanction for plaintiff's failure to comply with discovery obligations.

## DISCUSSION

### Summary Judgment Dismissing the Complaint

On a motion for "summary judgment, facts must be viewed in the light most favorable to the non-moving party, and the proponent of [the] motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 [2019] [internal quotation marks and citations omitted]). "If the proponent of the motion makes a prima facie showing, the burden shifts to the non-moving party to establish the existence of material issues of fact which require a trial of the action" (*Golobe v Mielnicki*, __ AD3d__, 2025 NY Slip Op 01670, **2 [2025] [internal quotation marks and citations omitted]).

"The elements of a cause of action for breach of contract are the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (*Noto v Planck, LLC*, 228 AD3d 516, 516 [1st Dept 2024] [internal quotation marks and citations omitted]). "In New York, . . . [t]he fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent and [t]he best evidence of what parties to a written agreement intend is what they say in their writing" (*Donohue v Cuomo*, 38 NY3d 1, 12 [2022] [internal quotation marks and citation omitted]). "Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing. Extrinsic or parol evidence is admissible only if a

652694/2023   BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES
CORPORATION
Motion No. 004

Page 5 of 11

5 of 11

[* 5]

court finds an ambiguity in the contract; such evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face" (*id.* at 12-13 [internal quotation marks and citations omitted]). An "agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*id.* at 13 [internal quotation marks and citations omitted]).

Whether an ambiguity exists is a question of law for the court to decide (*see id.*). Where the court finds an ambiguity in the contract, the parties may rely on extrinsic evidence. If the evidence offered on a motion for summary judgment does not resolve the ambiguity as a matter of law, the motion must be denied (*see Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1985]["when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact"]).

Here, the complaint alleges that defendant breached the EULA and the Amendment by failing to remit payment for the fees set forth in the Maintenance Renewal Order and for the hosting services it allegedly committed to receiving for the term October 1, 2023 to September 30, 2024. Defendant advances two interrelated arguments as a basis for dismissal of this claim. It first contends that when plaintiff transmitted the Maintenance Renewal Order to it on February 4, 2022, plaintiff threatened to terminate defendant's access to the software and to discontinue providing maintenance services if defendant did not agree to renewal upon the terms set forth in the order within four days. Defendant asserts that by doing so in the middle of a 12-month term of maintenance services, plaintiff breached the EULA. Second, defendant argues that plaintiff breached the EULA and Amendment by demanding an almost 500% increase in the fee for maintenance services.

**652694/2023  BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES CORPORATION
Motion No. 004**

**Page 6 of 11**

6 of 11

[* 6]

In support of its motion, defendant submits the affidavit of IT Sourcing Director, Curtis Glover, wherein Glover attests that when defendant transmitted the Maintenance Renewal Order on February 4, 2022, plaintiff informed defendant that renewal was due on February 8, 2022, and that if defendant did not renew under the terms proposed, its license to use the software would expire and the "system would be inaccessible" (NYSCEF Doc. No. 110, at ¶ 17; *see also* Email, NYSCEF Doc. No. 115). Curtis attests that after failed attempts to negotiate a solution, defendant sent plaintiff a cancellation notice, dated May 24, 2022, declaring that cancellation was effective as of May 31, 2022 (Cancellation Notice, NYSCEF Doc. No. 128). Curtis asserts that defendant did not use any of plaintiff's services after May 31, 2022 as it replaced the product with other mobile device security software.

Defendant also submits the deposition testimony of Senai Ahderom, plaintiff's CEO, during which Ahderom testified that defendant remitted payment in full for all three years of maintenance services set forth in the Maintenance Order (NYSCEF Doc. No. 117, at 134). Ahderom also testified that defendant pre-paid for the three years of hosting services set forth in the Hosting Order (*id.* at 157, 168).

The foregoing, along with the EULA, the Amendment, the Maintenance Order, and the Hosting Order, establish that defendant is not obligated to remit payment to plaintiff for the fees set forth in the Maintenance Renewal Order or for an additional 1-year term of hosting services. With regard to maintenance services, the EULA provides that defendant "shall subscribe to Maintenance for twelve (12) month periods (each a 'Maintenance Period') starting on the Effective Date," and that the "initial Maintenance Period" would "begin to run on the effective date of the relevant order" (EULA, § 5.2). The Amendment did not alter this language. When plaintiff sent the Maintenance Renewal Order to defendant on February 4, 2022, it did so in the

**652694/2023 BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES CORPORATION**
**Motion No. 004**

**Page 7 of 11**

7 of 11

[* 7]

middle of a 12-month maintenance period that ran from August 30, 2021 to August 30, 2022 (NYSCEF Doc. No. 116). Defendant had already paid for maintenance services through August 30, 2022 and had no obligation to agree to the terms set forth in the Maintenance Renewal Order. Rather than signing the Maintenance Renewal Order, defendant notified plaintiff, in writing, that it was cancelling the EULA as of May 31, 2022. As such, contrary to the assertion in the amended complaint, defendant had no obligation to pay the fees set forth in the Maintenance Renewal Order as it never agreed to its terms.

In opposition, plaintiff fails to raise an issue of fact. Plaintiff, in essence, contends that it had the right to seek renewal in February 2022 because the Amendment, fully executed by the parties on February 10, 2020, changed the "start date" for that 12-month maintenance period to February 10, 2021. However, plaintiff points to no language in the Amendment to support its position. Rather, plaintiff argues that it was the parties' "understanding" that the date would be "moved back." Plaintiff relies on extrinsic evidence that it claims demonstrates this "understanding." However, the court may consider extrinsic evidence only if an agreement is ambiguous. Neither the EULA nor the Amendment are ambiguous in this regard. As such, the plain meaning must be accepted, and the extrinsic evidence plaintiff offered cannot alter their terms.

Because defendant established that it was not obligated to pay the fees set forth in the Maintenance Renewal Order, it is not necessary to determine whether the price was improper or whether defendant was provided with sufficient notice of the price increase. As to the hosting services, plaintiff cites no contractual language or any evidence indicating that defendant had an obligation to pay for an additional term of hosting services (for October 1, 2023 to September 30,

652694/2023  BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES
CORPORATION
Motion No. 004

Page 8 of 11

8 of 11

[* 8]

2024) beyond the three years of hosting services that defendant had already paid for through September 30, 2023.

Thus, defendant is entitled to dismissal of the cause of action for breach of contract. Defendant is also entitled to dismissal of the cause of action for declaratory relief as it is duplicative of the cause of action for breach of contract (*see Moghtaderi v Apis Capital Advisors*, 205 AD3d 504, 506 [1st Dept 2022]). Therefore, the branch of defendant's motion that is for summary judgment dismissing the complaint is granted and defendant's alternate request to strike the complaint as a discovery sanction is denied as moot.

**Summary Judgment on the Second Amended Counterclaim for Breach of Contract**

Under its second amended counterclaim for breach of contract, defendant seeks to recover the amounts it pre-paid for services that it allegedly never received because it was forced to cancel the contract prematurely as of May 31, 2022. It claims that it did not use any services after that date and therefore it is entitled to a refund of the fees it pre-paid for maintenance and hosting services that were never rendered by plaintiff after the termination date. While plaintiff does not dispute that defendant paid these fees in full, this branch of the motion is nevertheless denied because defendant fails to demonstrate that it fulfilled the criteria for obtaining a refund under the EULA.

In order to obtain a refund for unused fees, defendant had to satisfy sections 12.2 and 12.4 of the EULA. Section 12.2, that govern termination of the EULA "for cause":

> "[Defendant] may terminate this EULA for cause: *(i) in the event of a material breach by [plaintiff] of this EULA that is not remediated for a period of thirty (30) days after receipt of written notice by [plaintiff]*, (ii) immediately with concurrent notice in the event of a breach by [plaintiff] which, by its nature, cannot be cured, or (iii) as otherwise expressly provided herein. With respect to terminations for cause, [defendant] shall receive a refund of any related prepaid unused fees for Maintenance. Except as otherwise expressly and specifically stated in this EULA, no refunds or payments of any kind shall be due [defendant]"

652694/2023   BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES
CORPORATION
Motion No. 004

Page 9 of 11

[* 9]

9 of 11

(EULA, § 12.2 [emphasis added]). Therefore, section 12.2 (i) requires that defendant give plaintiff 30 days to remediate a material breach in order to be entitled to a refund. The record includes a letter, dated February 16, 2022, wherein defendant demanded that plaintiff continue to provide the hosting and maintenance services for the duration of their respective terms at the rates set forth in the Maintenance and Hosting Orders (NYSCEF Doc. No. 88). The counterclaim alleges that, in response to this letter, plaintiff refused to comply with the terms of the EULA, prompting the need for defendant to secure replacement software and services (NYSCEF Doc No. 82, at ¶¶ 47-48). Curtis Glover's affidavit supports the allegation that plaintiff refused to remediate within 30 days inasmuch as he states that plaintiff refused to abide by the terms of the EULA and that the parties "could not get on the same page" in this regard (NYSCEF Doc. No. 110, at ¶¶ 20-22).

Defendant failed, however, to establish that it satisfied section 12.4 of the EULA. Section 12.4, entitled "Customer Obligations upon Termination," sets forth criteria with which defendant must comply in order for a termination to be effective. Defendant does not address whether it satisfied all of the criteria set forth in section 2.2. Thus, that branch of defendant's motion which is for summary judgment on its counterclaim for breach of contract is denied.

## CONCLUSION

The parties' remaining contentions are either unavailing or academic in light of this court's determination.

Accordingly, it is hereby

**ORDERED** that defendant's motion is granted only to the extent of dismissing the complaint, and the motion is otherwise denied; and it is further

**652694/2023   BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES CORPORATION**
**Motion No. 004**

**Page 10 of 11**

[* 10]

10 of 11

**ORDERED** that the Clerk of the Court is directed to enter judgment dismissing the complaint; and it is further

**ADJUDGED, DECREED AND DECLARED** that defendant is not obligated to pay the fees set forth in the Maintenance Renewal Order; and it is further

**ORDERED** that the action is severed and continued as to defendant's counterclaim(s) and it is further

**ORDERED** that the parties shall appear for a pre-trial conference via Microsoft Teams on 5/19/2025 at ten am.

| 4/21/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **MELISSA A. CRANE, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

652694/2023   BETTER MOBILE SECURITY, INC. vs. AMERISOURCEBERGEN SERVICES CORPORATION
Motion No. 004

Page 11 of 11

11 of 11