■ 3405 PUTNAM REALTY CORP., Respondent, v CHUBB CUSTOM INSURANCE COMPANY, Appellant, et al., Defendants. [788 NYS2d 64]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about August 20, 2003, which denied defendant Chubb's motion for summary judgment and, sua sponte, declared that Chubb was obligated to defend and indemnify plaintiff pursuant to an insurance policy issued by a nonparty broker on behalf of Chubb, unanimously reversed, on the law, without costs, and Chubb's motion for summary judgment declaring that it is not required to defend or indemnify plaintiff under the subject policy is granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered April 21, 2004, which denied defendant Chubb's motion for, inter alia, renewal, unanimously dismissed, without costs, as academic.

In this declaratory judgment action commenced by plaintiff insured Putnam against defendant insurer Chubb, the latter disclaimed coverage on the basis of a policy exclusion applicable to bodily injury resulting from exposure to lead. After Chubb moved for summary judgment based on the exclusion, Putnam opposed the motion by submitting evidence showing that neither Chubb nor the broker acting on its behalf were licensed to do insurance business in New York. Supreme Court denied Chubb's motion and, sua sponte, declared that Chubb was obli-

gated to defend and indemnify Putnam in the underlying action commenced by defendant Kelly against Putnam, which alleged bodily injury resulting from lead exposure at premises owned by Putnam. The court held the lead exclusion unenforceable due to Chubb's failure to fulfill the requirements of Insurance Law § 2105, which pertains to the licensing requirements for excess line brokers. Chubb's motion for reargument and renewal was denied in an order entered April 21, 2004.

Supreme Court erred in failing to enforce the provision in the subject policy which excludes from coverage in "clear and unmistakable language" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]) liability for bodily injury resulting from lead exposure. As the complaint in the underlying Kelly action alleges precisely this type of injury, the court should have given effect to this exclusionary language and declared that Chubb had no duty to defend or indemnify Putnam (*Travelers Indem. Co. of Ill. v Related Cos., L.P.*, 9 AD3d 325 [2004]).

Chubb's status as an unlicensed insurer afforded no basis to deny enforcement of the policy exclusion. Although the Insurance Law generally prohibits the sale in New York of insurance underwritten by insurers not authorized to conduct business in New York (*see* Insurance Law § 1102 [a]; § 2117 [a]), an exception to this rule permits certain licensed brokers, known as excess line brokers, to procure insurance from unauthorized insurers under limited circumstances (*see* Insurance Law § 2105 [a]; § 2117 [h]). Since, under the excess line statutory scheme, it is the excess line broker, not the unauthorized insurer, that must be licensed (Insurance Law § 2105 [a]), the motion court erred in penalizing Chubb, which is not an excess line broker, for failing to comply with the licensing requirements of Insurance Law § 2105 (a).

Even if Chubb were properly chargeable with the excess line broker's failure to secure proper licensing, the court imposed an unauthorized penalty in refusing to enforce the lead exclusion in the policy. As this Court has previously noted, "Insurance Law § 1102 (a) specifically sets forth the penalties to be imposed with respect to each violation" of the licensing requirements of the Insurance Law (*People v American Motor Club*, 209 AD2d 183, 184 [1994], *appeal dismissed* 85 NY2d 858 [1995]), and those penalties consist of a fine of $1,000 for the first violation and $2,500 for each subsequent violation.

Although section 1102 (a) further provides that these penalties shall be imposed "in addition to any other penalty provided by law," it can hardly be assumed that the Legislature's men-

tion of "any other penalty provided by law" was a reference to a judicially created penalty that selectively enforces the terms of an insurance contract, and finds little support in case law (*see Certain Underwriters at Lloyd's, London v Plasmanet Inc.*, 2002 WL 1788020, \*3, 2002 US Dist LEXIS 14190, \*9 [SD NY, Aug. 1, 2002] [private right of action to recover premiums for insurer's violation of regulation should not be sanctioned "where it is incompatible with the enforcement mechanism chosen by the legislature or discordant with some other aspect of the overall statutory scheme"]). The court's penalty was especially inequitable here where it effectively rewrote the coverage terms of the policy to afford coverage that plainly would have been unavailable had the policy been enforced according to its original terms.

The cases and authorities cited by plaintiff are either inapposite or do not reflect the current state of the law in New York. For instance, although Putnam contends that a prominent treatise supports its view that an insurance contract entered into by an unlicensed insurer is either unenforceable or may not be sued upon by the insurer (*see* Couch on Insurance § 3:40 [3d ed] [and authorities cited therein]), for the most part these rules are derived from specific statutory provisions of other jurisdictions and have no bearing in New York (*id.*).

Moreover, the weight of authority in New York holds that an insurance company's failure to comply with the licensing scheme of this State does not invalidate the insurance contract, but rather subjects the insurer to the available statutory penalties and sanctions that may be imposed by the Superintendent of Insurance (*see e.g. City of New York v Britestarr Homes, Inc.*, 150 Misc 2d 820, 826 [1991] ["there is nothing which invalidates a policy issued by an insurer in violation of the Insurance Law"]; *Certain Underwriters at Lloyd's, London, supra* [initial failure to satisfy notice requirements of New York's regulatory scheme did not invalidate policy, but may subject broker to statutory penalties]).

Accordingly, as there was no basis to deny enforcement of the lead exclusion that undeniably applies in the instant case, Chubb's motion for summary judgment declaring that it has no obligation to defend or indemnify Putnam in the underlying Kelly action should have been granted. This conclusion renders the appeal from the motion court's denial of renewal academic. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.