■ ROYSTON JEFFREY, Respondent, v ALLCITY INSURANCE COMPANY, Appellant, et al., Defendant. [809 NYS2d 174]—

In an action for a judgment declaring that Allcity Insurance

Company is obligated to defend and indemnify Royston Jeffrey in an action entitled *Brown v Jeffrey*, pending in the Supreme Court, Kings County, under index Number 30090/2001, the defendant Allcity Insurance Company appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated February 28, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, granted the plaintiff's cross motion for summary judgment and, in effect, directed the entry of a judgment declaring that it is obligated to defend and indemnify Royston Jeffrey in the underlying action.

Ordered that the order is affirmed, with costs.

Royston Jeffrey purchased an insurance policy from Allcity Insurance Company (hereinafter Allcity) through a broker. The policy required Jeffrey to notify "the Company providing this Insurance" in the event of an "occurrence, claim or suit . . . as soon as practicable." On October 17, 2000, Jeffrey learned from a tenant that Patricia Brown had injured her ankle at the insured property the previous day. He called her telephone number, but was not able to speak with Brown or learn anything further about the accident. Jeffrey did not report the accident to his insurer or broker. Three months after the accident, and again in August 2001, he notified his broker, Global Coverage, Inc., upon learning that he was about to be sued by Brown. Jeffrey did not notify Allcity directly, and Allcity established that it first received notice of the claim on March 7, 2002, 16 months after the accident.

An insurance policy provision requiring the insured to notify the insurance company of a covered occurrence is a condition precedent to the company's duty to defend or indemnify claims against the insured (*see Empire City Subway Co. v Greater N.Y. Mut. Ins. Co.*, 35 NY2d 8 [1974]; *Centrone v State Farm Fire & Cas.*, 275 AD2d 728 [2000]). "Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). In this case, Jeffrey correctly argues that the notice provision was ambiguous because it used the pronouns "we," "us," and "our" to describe who should be notified without clearly identifying Allcity as the party to whom those terms applied, and that, given the ambiguity, the contract should be interpreted to allow notice to his broker.

We also conclude that Jeffrey complied with the provisions requiring notice "as soon as practicable." Accordingly, the Supreme Court properly denied Allcity's motion for summary judgment and granted Jeffrey's cross motion for summary judgment.

Allcity's remaining contentions are without merit. H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.