■ PMA CORPORATION et al., Appellants, v KALVIN-MILLER INTERNATIONAL, INC., et al., Respondents. [811 NYS2d 87]—

In an action, inter alia, to recover damages for negligence in the procurement of insurance coverage, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Barone, J.), dated October 7, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendant insurance broker, then known as American Phoenix Corporation (hereinafter the broker), procured a general commercial liability insurance policy on behalf of the plaintiffs from Reliance Insurance Company of Illinois (hereinafter Reliance), a carrier that was not authorized to engage in the insurance business in New York. The plaintiffs suffered a loss during the effective period of the policy, but were unable to recover under the policy because Reliance was placed in liquidation. The plaintiffs were also unable to recover from the New York State Insolvency Fund because Reliance was not authorized to do business in New York. The plaintiffs commenced this action, alleging, inter alia, that the broker failed to properly advise them that Reliance was not an authorized insurer in New York. The Supreme Court granted the broker's motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment on the issue of liability. We affirm.

Contrary to the plaintiffs' contention, the broker's alleged violation of 11 NYCRR 27.18 (a), which requires prompt delivery to the insured of an insurance policy bearing a legend warning the insured that the policy has been issued by an unauthorized insurer, does not give rise to a private right of action (*see Certain Underwriters at Lloyd's London v Plasmanet Inc.*, 2002 WL 1788020, 2002 US Dist LEXIS 14190 [SD NY, Aug. 1, 2002]; *cf. 3405 Putnam Realty Corp. v Chubb Custom Ins. Co.*, 14 AD3d 310 [2005]). In any event, the broker demonstrated that any violation of 11 NYCRR 27.18 (a) was not a proximate cause of the plaintiffs' injury (*see Dance v Town of Southampton*, 95 AD2d 442, 445-446 [1983]). Specifically, the broker produced an affidavit, executed by the plaintiffs' agent prior to the issuance of the insurance policy, in which the agent expressly acknowledged the plaintiffs' awareness that Reliance was not an authorized insurer in New York and that, in the event of Reliance's insolvency, the insurance evidenced by the policy would not be protected by the New York State Insolvency Fund. Moreover, the broker produced correspondence, the receipt of which the plaintiffs do not deny, which notified the plaintiffs of the same

facts, using language substantially similar to that required by 11 NYCRR 27.18 (a). In response, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' contention that the broker violated Insurance Law § 2117 (i) is without merit, as that provision applies only to insurers that issue documents indicating a location within New York at which they conduct their operations, and does not apply to brokers. Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.