■ PRINCE SEATING CORP., Respondent, v QBE INSURANCE COMPANY, Appellant, et al., Defendants. [903 NYS2d 410]—

In an action, inter alia, for a judgment declaring that the defendant QBE Insurance Company is obligated to defend and indemnify the plaintiff in an action entitled *Rabideau v Prince Seating Corp.*, pending in the Circuit Court of Fairfax County, Virginia, under at law No. 213800, the defendant QBE Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated January 29, 2009, as denied its motion for summary judgment declaring that it is not obligated to defend or indemnify

the plaintiff in the underlying action, and dismissing the second amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly provided notice of the underlying claim to its broker, the defendant Century Coverage Corp. (hereinafter Century), rather than, as required by the subject policy, to the insurer, the appellant, QBE Insurance Company (hereinafter QBE). It is well settled that, absent some evidence of an agency relationship, even timely notice of an accident by an insured to a broker is not effective and does not constitute notice to the insurance company, as a broker is considered to be an agent only of the insured (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436 [1972]; *Matter of Temple Constr. Corp. v Sirius Am. Ins. Co.*, 40 AD3d 1109, 1111-1112 [2007]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719, 721 [2007]; *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 462 [2005]; *Rendeiro v State-Wide Ins. Co.*, 8 AD3d 253 [2004]). Moreover, absent a valid excuse, the failure to satisfy a provision in an insurance policy requiring notice of a covered occurrence, a condition precedent to the insurer's duty to defend and/or indemnify claims against the insured, vitiates the policy (*see Empire City Subway Co. v Greater N.Y. Mut. Ins. Co.*, 35 NY2d 8 [1974]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 440; *Jeffrey v Allcity Ins. Co.*, 26 AD3d 355, 356 [2006]; *Centrone v State Farm Fire & Cas.*, 275 AD2d 728 [2000]). In this case, there is no evidence that a principal-agent relationship between Century and QBE existed.

However, the terminology of the policy, including the notice provision, in which the words "we," "us," and "our," referring to "the company providing this insurance," were used to describe who should be notified, is ambiguous. QBE was not clearly identified as the party to whom those terms applied. Given that ambiguity, there is an issue of fact as to whether "the contract should be interpreted to allow notice to [the] broker" (*Jeffrey v Allcity Ins. Co.*, 26 AD3d at 356).

Accordingly, the Supreme Court correctly denied QBE's motion.

In light of our determination, we do not reach the parties' remaining contentions. Mastro, J.P., Covello, Eng and Belen, JJ., concur.