PRINCE SEATING CORP., Respondent, v QBE INSURANCE COMPANY et al., Appellants, et al., Defendant. [952 NYS2d 606]—

The plaintiff, Prince Seating Corp., secured a policy of liability insurance from the defendant QBE Insurance Company (hereinafter QBE). A personal injury action was commenced against the plaintiff in Virginia, and the plaintiff sought defense and indemnification from QBE in connection with that action. The plaintiff allegedly provided timely notice of the underlying claim to its broker, the defendant Century Coverage Corp. (hereinafter Century) pursuant to an agreement between the plaintiff and Century, which provided that Century, acting as "middleman," would convey such claims to QBE.

Where, as here, a policy of liability insurance requires that notice of an occurrence be given as soon as practicable, such notice must be afforded to the carrier "within a reasonable period of time" (*Bauerschmidt & Sons, Inc. v Nova Cas. Co.*, 69 AD3d 668, 669 [2010]). The plaintiff contends that Century failed to

timely convey notice of the underlying claim to QBE. However, as Century correctly contends, it cannot be held liable for failing to provide timely notice of the claim to QBE if it did not receive timely notice of the underlying claim from the plaintiff.

Century made a prima facie showing of its entitlement to judgment as a matter of law by submitting a written telephone message and the deposition testimony of its claims supervisor, which demonstrated that it first received notice of the underlying claim from a claims adjustor in the underlying action on February 19, 2002, more than six months after the plaintiff first received notice of the claim against it (*see id.*). In opposition, however, the plaintiff raised a triable issue of fact as to whether it provided Century with timely notice of the claim via facsimile transmission, mail, and telephone communication (*see 233 E. 17th St., LLC v L.G.B. Dev., Inc.*, 78 AD3d 930 [2010]; *Tully Constr. Co., Inc. v Marsh USA, Inc.*, 65 AD3d 627, 629 [2009]; *Huertero v Blue Ridge Ins. Co.*, 13 AD3d 486 [2004]).

Even if the plaintiff timely provided notice to Century, "absent some evidence of an agency relationship [between a broker and an insurer], even timely notice of an accident by an insured to a broker is not effective and does not constitute notice to the insurance company, as a broker is considered to be an agent only of the insured" (*Prince Seating Corp. v QBE Ins. Co.*, 73 AD3d 884, 885 [2010]). Nonetheless, as this Court determined on a prior related appeal, since the language of the policy issued by QBE to the plaintiff was ambiguous with respect to whom should be notified, "there is an issue of fact as to whether the contract should be interpreted to allow notice to [the] broker" (*id.* at 885 [internal quotation marks omitted]; *see Jeffrey v Allcity Ins. Co.*, 26 AD3d 355, 356 [2006]). Despite QBE's contentions to the contrary, this triable issue of fact has not been eliminated by any of the deposition testimony, which was taken after the date of this Court's prior decision and order.

Accordingly, the Supreme Court correctly denied the separate motions for summary judgment.

Century's remaining contentions are without merit. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.