# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**158**

**CA 13-01324**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

NORTH COUNTRY INSURANCE COMPANY,
PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

FRANK RASPANTE, DEFENDANT,
VICTOR JONES, ARDINE JONES AND ADAM JONES,
DEFENDANTS-APPELLANTS.

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered March 18, 2013. The judgment, among other things, granted that part of the motion of plaintiff seeking a declaration that it has no obligation to defend and indemnify defendant Frank Raspante in an action commenced by defendants Victor Jones, Ardine Jones and Adam Jones, and denied the cross motion of defendants-appellants seeking, inter alia, summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in its entirety and vacating the declarations, and by vacating that part denying the cross motion insofar as it sought to compel discovery, and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings on that part of the cross motion in accordance with the following Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that it is not obligated to defend and indemnify Frank Raspante (defendant) in the underlying lead paint action commenced against him by the remaining defendants (hereafter, Jones defendants), who allegedly were injured based on their exposure to lead paint at a property owned by defendant. Plaintiff thereafter moved for summary judgment with respect to that requested relief, contending in support thereof that there is a lead exclusion in defendant's insurance policy. The Jones defendants cross-moved for, inter alia, summary judgment declaring that plaintiff is obligated to defend and indemnify defendant in the underlying action, and an order compelling plaintiff to respond to certain discovery demands, and defendant submitted an affidavit in support of the cross motion. Supreme Court granted

plaintiff's motion in part, declaring that "plaintiff excluded from [defendant's] coverage claims for exposure to lead" and that, with respect to the underlying action, plaintiff "is under no obligation to indemnify" defendant and "is under no obligation to continue to provide [defendant] with a defense." The court denied the cross motion.

Contrary to the contention of the Jones defendants, plaintiff did not violate any legal obligation by destroying its policy records. The evidence submitted in support of plaintiff's motion establishes that plaintiff complied with 11 NYCRR 243.2 (b) (1), which requires that insurers maintain policy records for "six calendar years after the date the policy is no longer in force."

We agree with the Jones defendants, however, that the court erred in granting plaintiff's motion in part, issuing the above declarations in plaintiff's favor, and we therefore modify the judgment accordingly. Even assuming, arguendo, that defendant's policy included the lead exclusion, we conclude that plaintiff failed to meet its burden of establishing that defendant had notice of it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The evidence submitted by plaintiff in support of its motion does not establish that the exclusion was actually mailed, and the affidavit of plaintiff's employee, who averred that the exclusion was sent to defendant pursuant to plaintiff's custom and practice, is "conclusory and otherwise insufficient to establish 'office practice . . . geared so as to ensure the likelihood that [the documents were] always properly addressed and mailed' " (*Matter of Frankel v Citicorp Ins. Servs., Inc.*, 80 AD3d 280, 284, quoting *Nassau Ins. Co. v Murray*, 46 NY2d 828, 830; *cf. Preferred Mut. Ins. Co. v Donnelly*, 111 AD3d 1242, 1243, *lv denied* ___ NY3d ___ [Apr. 3, 2014]). Furthermore, even assuming, arguendo, that plaintiff met its initial burden on its motion, we conclude that the Jones defendants raised an issue of fact whether defendant's policy included the lead exclusion by submitting evidence that at least some policies at the time did not contain the exclusion.

The Jones defendants further contend that they were entitled to the declarations sought in their cross motion because the lead exclusion is void as against public policy and the language of the exclusion is ambiguous. We reject those contentions (*see Preferred Mut. Ins. Co.*, 111 AD3d at 1245; *3405 Putnam Realty Corp. v Chubb Custom Ins. Co.*, 14 AD3d 310, 311; *see generally Greenfield v Philles Records*, 98 NY2d 562, 569-570).

Finally, the Jones defendants contend that the court erred in denying their cross motion insofar as they sought to compel plaintiff to produce certain documents. In light of our determination herein, we further modify the judgment by vacating that part denying the cross motion to that extent, and we remit the matter to Supreme Court to rule on that part of the cross motion.

Entered: May 9, 2014

Frances E. Cafarell
Clerk of the Court