14-1954-cv
*First Mercury Ins. Co. v. 613 NY Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 7th day of April, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
             JOHN M. WALKER, JR.,
             GERARD E. LYNCH,
                        *Circuit Judges.*

_____

FIRST MERCURY INSURANCE COMPANY,

                        *Plaintiff-Counter-Defendant-Appellant*,

             v.                                         No. 14-1954-cv

613 NY INC.,

                        *Defendant-Counter-Claimant-Appellee,*

CEZARIN NDREKA,

                        *Defendant-Appellee.*

_____

For Plaintiff-Counter-Defendant-Appellant:      GIL M. COOGLER, White Fleischner & Fino
                                                LLP, New York, NY.

For Defendant-Counter-Claimant-Appellee:        JEFFREY D. BUSS & Jennifer L. Stewart, Smith,
                                                Buss & Jacobs, LLP, Yonkers, NY,

For Defendant-Appellee:                    Denise A. Rubin, Rubin PLLC, New York, NY.


Appeal from the United States District Court for the Southern District of New York (Crotty, *J.* and Ramos, *J.*)

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant First Mercury Insurance Company ("First Mercury") appeals from a May 12, 2014 judgment in the United States District Court for the Southern District of New York (Ramos, *J.*), which followed the denial of its motion for summary judgment on January 15, 2013 (Crotty, *J.*), the denial of its motion for reconsideration on April 22, 2013 (Crotty, *J.*), and the jury verdict entered against it on May 7, 2014. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

First, First Mercury challenges the district court's conclusion that the notice-of-claim provision of the insurance policy covering defendant-counter-claimant-appellee 613 NY Inc. ("613 NY") was ambiguous and that its meaning therefore presented a genuine issue of material fact for the jury. We review this decision de novo. *See Scholastic, Inc. v. Harris*, 259 F.3d 73, 81 (2d Cir. 2001). The relevant provision at issue states:

> Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, *to any agent of ours in New York State*, with particulars sufficient to identify the insured, shall be considered to be notice to us.

J.A. 77 (emphasis added). In its motion for summary judgment, First Mercury argued that the phrase "any agent of ours in New York State" unambiguously refers to CoverX, the agent listed earlier in the policy for receiving notice of claims, despite the fact that the address listed for

2

CoverX is in Southfield, Michigan. In its cross-motion for summary judgment and at trial, 613 NY argued that "any agent of ours in New York State" referred to Brooks Insurance Agency ("Brooks"), the excess line broker through which First Mercury issued the policy.

"Whether a contract is ambiguous . . . is a 'threshold question of law to be determined by the [district] court.'" *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (quoting *Duane Reade Inc. v. St. Paul Fire and Marine Ins. Co.,* 411 F.3d 384, 390 (2d Cir. 2005)). "[W]here the language [of the contract] *and* the inferences to be drawn from it are unambiguous . . . a district court [may] construe a contract as a matter of law and grant summary judgment accordingly." *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London*, 136 F.3d 82, 86 (2d Cir. 1998) (internal quotation marks omitted). Where, however, "the terms of a contract could suggest 'more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usage and terminology as generally understood in the particular trade or business,'" ambiguity exists. *Id.* (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997)). "If there is ambiguity in the terminology . . . and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such a determination is to be made by the jury." *Hartford Acc. & Indem. Co. v. Wesolowski*, 305 N.E.2d 907, 909 (N.Y. 1973).

Applying this framework to the present case, we conclude that the district court correctly held that the notice-of-claim provision was ambiguous. As the district court explained, "[i]f First Mercury's argument is to be accepted, the contract language would have to be changed from 'agent . . . *in* New York State' to 'agent . . . *for* New York State.'" Special App. 5–6 (emphasis

3

added). CoverX was never located in or licensed by the state of New York and the address listed in the policy for CoverX was a P.O. Box in Southfield, Michigan. A plain text reading of the notice-of-claim provision, therefore, cannot be found to unambiguously require that notice be provided to CoverX.

Second, First Mercury contends that the district court improperly denied its motion for summary judgment and its motion for reconsideration after concluding that the policy's notice-of-claim provision, as a matter of law, could permit an excess line agent to act as an excess line broker's agent under New York's commercial insurance scheme. We review the district court's denial of plaintiff's summary judgment motion de novo, *Scholastic*, 259 F.3d at 81, and the denial of plaintiff's motion for reconsideration for abuse of discretion, *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

In support of its motion for summary judgment, First Mercury argued that as a matter of New York case law, an excess line broker may not be found to be the agent of the excess line insurer. In support of this contention, First Mercury relied exclusively on *Gershow Recycling Corp. v. Transcon. Ins. Co.*, 801 N.Y.S.2d 832, 834 (App. Div. 2005), a case in which the New York Appellate Division, Second Department, concluded that, while "it is a common practice for insureds to notify their brokers, rather than their carriers, in the event of a claim or lawsuit. . . . we emphasize that insureds do so at their peril since the law is clear: the policy requirement that the notice must be provided to the carrier trumps any informal arrangement or practice engaged in between insureds and their brokers." According to First Mercury, Brooks was accordingly not permitted as a matter of law to act as the agent of First Mercury and the district court should never have permitted the jury to conclude otherwise.

We find this reasoning unpersuasive. In *Gershow*, the court found "the fact that [the

4

insured] may have provided timely notice . . . to its broker . . . of no consequence" because "the policy explicitly required [the insured] to notify [the insurer]." *Id.* at 833. Here, by contrast, the policy was ambiguous and arguably permitted 613 NY to submit notice to Brooks. While *Gershow* identified the general rule that an insured cannot fulfill its duty to provide notice to an insurer by providing notice to the insured's broker, there is also a well-established exception to that rule that "a broker will be held to have acted as the insurer's agent where there is some evidence of action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred." *Inc. Vill. of Pleasantville v. Calvert Ins. Co.*, 612 N.Y.S.2d 441, 441 (App. Div. 1994) (alterations and internal quotation marks omitted) (listing cases); *see also* Robert A. Rubin, et. al., New York Construction Law Manual § 10:18 (2d ed.) ("Whether an insurance salesperson is a broker or an agent is determined by the circumstance of the case, not by statutory definitions."). First Mercury would have us read *Gershow* as eliminating this well-established exception, despite the fact that nothing in *Gershow* purports to do so. Tellingly, subsequent cases in the same Department of the Appellate Division have interpreted insurance contracts in certain circumstances "to allow notice to [a] broker" as notice to the insurer after *Gershow* was decided. *See Prince Seating Corp. v. QBE Ins. Co.*, 903 N.Y.S.2d 64, 65 (App. Div. 2010); *Jeffrey v. Allcity Ins. Co.*, 809 N.Y.S.2d 174, 174 (App. Div. 2006). For these reasons, we cannot conclude that the district court erred by allowing a jury to decide whether the insurance contract permits a broker to act as an agent for the insured.

In First Mercury's subsequent motion for reconsideration, it argued for the first time that the New York Insurance Law and the regulations promulgated pursuant to it categorically prevent an excess line broker from acting as the agent of an out-of-state excess line carrier and that a jury may not be permitted to conclude otherwise. We find this contention also without

5

merit. Assuming without deciding that First Mercury reads the relevant statutes and regulations correctly, the fact that an excess line broker is prohibited from acting as the agent of an excess line insurer does not preclude a court from finding that such an agency relationship in fact existed. To the contrary, "the weight of authority in New York holds that an insurance company's failure to comply with the licensing scheme of this State does not invalidate the insurance contract, but rather subjects the insurer to the available statutory penalties and sanctions that may be imposed by the Superintendent of Insurance." *3405 Putnam Realty Corp. v. Chubb Custom Ins. Co.*, 788 N.Y.S.2d 64, 65 (App. Div. 2005). Because First Mercury's statutory argument was not timely raised and does not compel clearly a result in First Mercury's favor, the district court did not abuse its discretion in denying First Mercury's motion for reconsideration.

Third, First Mercury challenges the sufficiency of the evidence at trial. Yet at trial, First Mercury did not move for a directed verdict on the basis of insufficiency of the evidence. Generally, we do not review sufficiency of the evidence claims upon appeal if they were not preserved below unless such review is required to prevent manifest injustice. *See Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 164 (2d Cir. 1998); *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1155 (2d Cir. 1994). Here, First Mercury failed to raise the sufficiency of the evidence claim below and, in any event, based on the evidence adduced at trial, a reasonable jury easily could have concluded that the parties intended the policy to allow Brooks to accept notice on First Mercury's behalf under the terms of the policy. Accordingly, we have no basis to reverse the jury's decision.

Fourth, First Mercury challenges the ordering of the questions on the verdict sheet. "The formulation of special verdict questions rests in the sound discretion of the trial judge, and

6

should be reviewed by an appellate court only for an abuse of that discretion." *Vichare v. AMBAC Inc.*, 106 F.3d 457, 465 (2d Cir. 1996). "Reversal is warranted if the questions mislead or confuse the jury, or if they inaccurately frame the issues to be resolved by the jury." *Id.* Although in First Mercury's view the district court should have required the jury to make a finding that Brooks had provided timely notice of the claim to First Mercury prior to concluding that the contract permitted Brooks to act as First Mercury's agent, this argument is wholly without merit. To the contrary, each of the three questions on the jury verdict sheet represented an independent basis for the jury to conclude that the 613 NY provided timely notice under the policy. Because the jury concluded that Brooks was First Mercury's agent under the terms of the notice-of-claim provision and there is no dispute that 613 NY provided timely notice to Brooks, the jury was justified in concluding that 613 NY fulfilled its requirement to provide notice the moment it submitted a claim to Brooks regardless of whether Brooks forwarded the claim to First Mercury.

We have considered First Mercury's remaining arguments and find them to be without merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7