Brown v 39 Spring St. LLC (2025 NY Slip Op 00905)

Brown v 39 Spring St. LLC

2025 NY Slip Op 00905

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 652336/22 Appeal No. 3719 Case No. 2024-06010 

[*1]Laura C. Brown, Plaintiff-Appellant,
v
39 Spring Street LLC et al., Defendants-Respondents.

Law Offices of Bernard D'Orazio & Associates, P.C., New York (Bernard D'Orazio of counsel), for appellant.
Anderson Law, New York (Gregory A. Byrnes of counsel), for respondents.

Order, Supreme Court, New York County, entered September 26, 2024 (Lyle E. Frank, J.), which granted the motion of defendants 39 Spring Street LLC and 39 Spring Holdings LLC for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment on each of her causes of action, unanimously modified, on the law, to grant plaintiff's cross-motion on her cause of action to reform her promissory note to the extent of changing the borrower's name from "39 Spring Street Holdings LLC" to "39 Spring Holdings LLC," to deny defendant's motion as to that claim, and to deny defendant's motion as to plaintiff's second cause of action for breach of the promissory note, and otherwise affirmed, without costs.
The parties do not dispute that the promissory note contained an error naming the borrower as "39 Spring Street Holdings LLC" rather than "39 Spring Holdings LLC." Thus, the note is so reformed. Although plaintiff seeks to reform the note to name both defendants as borrowers, she points to no evidence that the parties intended this when drafting and executing the promissory note.
As to the existence of a contract between the parties, defendants argue that the contract of sale was between defendant 39 Spring Holdings LLC and plaintiff's ex-husband. However, this action is based on the promissory note, not the sales contract. Plaintiff and 39 Spring Holdings are the parties to the note, and a promissory note is a contract (see Arnav Indus., Inc. Empl. Retirement Trust v Westside Realty Assoc., 180 AD2d 463, 464 [1st Dept 1992]). Thus, a contract exists.
Pursuant to an agreement with plaintiff as part of their divorce proceedings, plaintiff's ex-husband sold the premises — the first floor of a building in Manhattan — to 39 Spring Holdings and promised to equally share the proceeds of the sale with plaintiff. In return, 39 Spring Holdings delivered two promissory notes, one each to plaintiff and the ex-husband. As per the terms of the notes, the procurement of a "long term tenant" in the premises triggered defendants' obligation to pay all remaining principal and interest on the note. Plaintiff alleges that certain subsequent leases of the premises activated such trigger, and defendants failed to pay the amounts due on her note.
Since what constitutes "long term" is undefined in the notes, and neither party points to controlling authority to define the term, plaintiff's note is ambiguous (see Schulte Roth & Zabel LLP v Metropolitan 919 3rd Ave. LLC, 202 AD3d 641, 641 [1st Dept 2022]). "If there is ambiguity in the terminology used . . . and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the [factfinder]" (Hartford Acc. & Indem. Co v Wesolowski, 33 NY2d 169, 172 [1973]). Here, the extrinsic evidence consists of the affirmation of the manager of the purchasing LLC who [*2]signed the notes, and an affidavit of plaintiff's ex-husband, who negotiated the sale of the premises and became a 50 percent partner of defendant 39 Spring Street LLC, which now owns the unit.[FN1] Both the ex-husband and manager attest that they each individually "believed" a long-term lease in New York City to be at least 10 years. However, this extrinsic evidence fails to establish the intent of the parties as to what constitutes a "long-term" tenant at the time the note was executed and is, thus, insufficient to meet defendants' prima facie burden on summary judgment. Defendants maintain that the leases at issue (both under ten years) thus did not trigger the note's payment obligation to plaintiff. It is undisputed that the note is silent on as to what constitutes a "long term" tenant. Indeed, neither defendant claims that they agreed, or even discussed, that "long-term" meant at least ten years. Accordingly, the defendants' proffered affidavits are therefore insufficient to defendant's prima facie burden in establishing what constitutes a "long term" lease under the note.
Additionally, the suspect circumstances surrounding the note's execution raise significant credibility issues that preclude interpretation of the note's terms as a matter of law (id; see also, First Mercury Ins. Co. v 613 N.Y. Inc., 609 Fed Appx 664, 666 [2d Cir 2015]). Notably, both the manager and ex-husband were represented by counsel during the sale negotiations and closing. Plaintiff was not represented by counsel for the sale and closing and was unaware of the existence of the note until presented with it for signature at closing. The self-interest and apparent self-dealing of defendants' manager and the ex-husband, evidenced by the ex-husband's ongoing ownership interest in the unit implicate serious questions as to whether the notes were negotiated at arms' length. For these reasons, defendants have not proven that the note was unambiguous as a matter of law and their motion as to plaintiff's second cause of action is denied.
The claim for breach of the covenant of good faith and fair dealing was properly dismissed. Defendants correctly point out that the note does not prohibit a sale of a portion of the commercial unit, nor does the sale preclude the available commercial space in the unit, which was occupied by a tenant when this action commenced, from being rented to a long-term tenant. Although plaintiff asserts that defendants' partition of the premises by the sale makes a long-term rental more difficult, she does not point to any evidence that it "will have the effect of destroying or injuring" her right "to receive the fruits of the contract" (Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995] [internal quotation marks omitted]).
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER 
F THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: February 18, 2025

Footnotes

Footnote 1: 39 Spring Street LLC sold a portion of the premises in 2021 for over $2 million.